## NORTH FORT WORTH TOWNSITE CO. v. TAYLOR et ux. (No. 7156.)

(Court of Civil Appeals of Texas. San Antonio. April 30, 1924. Rehearing Denied May 28, 1924.)

**1. Adverse possession ⟊46—"Peaceable possession" defined.**

"Peaceable possession" is possession that is continuous, and is not interrupted by adverse suit to recover the property.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Peaceable Possession.]

**2. Adverse possession ⟊13—"Adverse possession" defined.**

"Adverse possession" means an actual and visible appropriation of land commenced and continued under claim of right inconsistent with and hostile to claim of fee-simple owner.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Adverse Possession.]

**3. Adverse possession ⟊112—Burden on claimant to establish possession for ten years.**

It was proper to instruct that burden was on claimants by adverse possession to establish by preponderance of evidence that their possession had been peaceful, adverse, and continuous, and that they had cultivated, used, and enjoyed the land for ten years prior to named date.

**4. Trial ⟊260(5)—Refusal of charges covered by court's charge not error.**

Where court directly instructed on law of limitations, sole issue involved in suit, there was no error in refusing requested instructions on same subject but in different form.

Appeal from District Court, Tarrant County; Ben. M. Terrell, Judge.

Trespass to try title by the North Fort Worth Townsite Company against J. B. Taylor and wife. Judgment for defendants, and plaintiff appeals. Affirmed.

Ross, Ross & Alexander, of Fort Worth, for appellant.

John L. Poulter, of Fort Worth, for appellees.

COBBS, J. Appellant filed this suit against appellees in the usual form of actions in trespass to try title to recover lands, and for damages. The land sued for was a small tract situated in Tarrant county.

Appellees answered by general denial and plea of "Not guilty," and by a plea of title by possession, under the ten-year statute of limitation, for a period of more than ten years before the institution of this suit. The parties made the following agreement:

"It is hereby agreed by and between the plaintiff North Fort Worth Townsite Company, and the defendants J. B. Taylor and wife, Mrs. J. B. Taylor, that the plaintiff is the owner in fee simple of the property in controversy herein and described in plaintiff's petition, and as against said defendants is entitled to possession thereof, and as against said defendants is entitled to recover herein, except in so far as said defendants might be able to establish title to said property or any part thereof as against said plaintiff, under their plea of title to said land under the ten-year statute of limitation of the state of Texas."

The case was tried with a jury, and the charge of the court is as follows:

"Gentlemen of the jury, you are instructed as follows herein:

(1) " 'Peaceable possession,' as that term is used in this charge, means such possession as is continuous and is not interrupted by adverse suit to recover the property in question."

(2) " 'Adverse possession,' as that term is used in this charge, means an actual and visible appropriation of the land by the defendants in this cause commenced and continued under a claim of right, if any, inconsistent with and hostile to the claim of the plaintiffs in this case, North Fort Worth Townsite Company. * * *

"Bearing in mind the foregoing definitions, you will a true answer make to the following question:

"Special Issue No. 1. Question: Do you find from the evidence that defendants, J. B. Taylor and his wife, Mrs. J. B. Taylor, had been in the peaceable, adverse, and continuous possession of the land in question, and had cultivated, used, and enjoyed the same for a period of ten years prior to February 6, 1922? Answer 'Yes' or 'No.'

"Answer: Yes.

"The burden is upon the defendants to establish by a preponderance of the evidence the affirmative of special issue No. 1. You are the sole and exclusive judges of the credibility of the witnesses, the facts proved, and the weight to be given to their testimony."

At the request of appellant the court further charged the jury:

"By 'continuous possession,' as that term is used in the court's main charge, must be a possession as is uninterrupted by acts, if any, of plaintiff, North Fort Worth Townsite Company, its agents, if any, or representatives, if any, or tenants, if any."

[1-3] The charge of the court fairly and quite correctly submitted the law of limitations applicable to the facts in the case.

---

⟊For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The parties limited the trial and disposition of this case to appellees' claim and defense of ten-year limitation. While the proof is not so clear and convincing as it might have been made, yet the testimony amply supports the finding of the jury. It follows, of course, from this view that the trial court committed no error in refusing appellant's peremptory instruction.

[4] As the charge of the court correctly instructed the jury upon the law of limitations, the sole issue involved in the suit, it is apparent nothing could have been accomplished by giving appellant's several requested instructions on the same subject but in different forms.

As there is enough material evidence to support the jury's finding on the issue of the appellees' claim of title and posssession of ten years, it is not necessary for us to set out the testimony in this opinion. The material question involves one of fact which was found by the jury in behalf of appellees.

We think there has been a fair trial, and, substantial justice having been done, no good would be accomplished by remanding this case for another trial. We find no reversible error assigned, and the judgment of the trial court is affirmed.