TOWN OF LAKOTA, Appellee, v. P. G. GRAY, a partnership doing business in Estherville, Appellant.

No. 47372.

(Reported in 35 N. W. 2d 841)

194

February 8, 1949.

Leo E. Fitzgibbons, of Estherville, for appellant.

J. D. Lowe, of Algona, for appellee.

SMITH, J.—The controversy arises upon defendant's motion attacking plaintiff's petition. The motion was overruled and we are left to infer (probably under Rule 86, Rules of Civil Procedure) that defendant, by not pleading over, elected to stand on it and that a final adjudication against him resulted, from which the appeal is taken. We shall so assume since actual entry of final judgment is not shown.

It stands admitted, as alleged in the petition, that defendant

was in possession of plaintiff's premises under a written lease expiring March 31, 1948; that on April 2 a three-day notice to quit was given pursuant to Code section 648.3; that thereafter "an action in ejectment" was commenced and later dismissed; and that on May 7, 1948, another three-day notice to quit was given, notwithstanding which defendant retained possession. The lease named one R. D. Johnson as lessee but had been reformed by a decree that defendant was lessee and Johnson his agent. This action was commenced May 11.

I. Defendant claims the petition shows on its face the action is barred under Code section 648.18 which provides: "Thirty days *peaceable possession* with the knowledge of the plaintiff after the cause of action accrues is a bar to this proceeding." (Italics supplied.) The statute once read "peaceable and uninterrupted." See section 3621, Code of 1873. The change however does not seem significant.

We have stated above the substance of the petition. It undoubtedly showed thirty days' possession after the cause of action accrued and before the petition was filed. But mere lapse of time is not sufficient under the statute. The possession must have been "peaceable." There was no plea in bar. Defendant elected to rely on the language of the petition as showing peaceable possession.

We do not think it does. The statute is to be distinguished from the ordinary limitation statute under which, if the petition shows the necessary lapse of time, it is subject to attack unless it also shows matter in avoidance, or matter bringing the case within some exception or proviso or saving clause.

This statute provides a bar only upon an affirmative showing of *peaceable* possession for the stated time. It is for defendant to make this showing if it does not appear on the face of the petition. It is a part of the limitation. Mere possession is not enough. It is not necessary to hold, as plaintiff argues and as the trial court held, that the petition *negatives* peaceable possession. It is sufficient if it does not affirmatively show it.

However, we think the petition here does indicate a situation inconsistent with any claim by defendant under this statute. We have recently held that retention by a tenant after

termination of lease did not constitute "peaceable possession" where both parties claimed the right of possession and were litigating their claims. Rudolph v. Davis, 237 Iowa 1383, 1386, 25 N. W. 2d 332, 334. "Peaceable possession means undisputed or uncontested possession." Rudolph v. Davis, supra. The petition here alleges some sort of "ejectment" proceeding was brought and dismissed during the thirty-day period. Why or when or how it was "dismissed" does not appear. But certainly, in the face of the allegation, we cannot say the petition shows thirty days' peaceable possession.

Decisions from other jurisdictions are of little value because of variations in statutes. Textbook articles are not helpful because our statutory action of forcible entry and detainer differs so widely from the original proceeding of that name. However, some cases have commented on the meaning of the words "peaceable possession." See North Fort Worth Townsite Co. v. Taylor, Tex. Civ. App., 262 S. W. 505; Collins v. Megason, Tex. Civ. App., 228 S. W. 583, 584; White v. Pingenot, Tex. Civ. App., 90 S. W. 672, 674; Crosbie v. National Bank of Commerce, 86 Okla. 174, 207 P. 311, 313.

We are convinced this petition does not show such acquiescence by plaintiff in defendant's continued possession after expiration of his lease as to bar the action. It does not show peaceable possession within the meaning of the statute.

II. What we have said makes unnecessary any extended reference to defendant's further contention that he had become a tenant at will, entitled to a thirty-day notice under Code section 562.4. Again defendant is under the handicap he assumed by relying on a motion instead of an answer. This Code section raises a presumption of tenancy at will from thirty days' possession "with the assent of the owner."

Manifestly we cannot indulge this presumption in the absence of a showing of such assent. If facts existed to show it they could have been pleaded as an affirmative defense. There are no allegations in the petition from which to infer plaintiff's assent to the continued possession or to justify an attack by motion. We must conclude the motion was properly overruled.

III. We have not cited or discussed the cases relied on

by defendant. It is significant that plaintiff also cites them. They are not decisive in the present situation. Hall v. Henninger, 145 Iowa 230, 121 N. W. 6, 139 Am. St. Rep. 412, was not a forcible entry and detainer case. Its language, quoted and relied on by defendant, assumed the thirty-day possession to have been with the owner's consent. That element was not in dispute. The court properly applied the tenant at will statute.

In McClelland v. Wiggins, 109 Iowa 673, 81 N. W. 156, a forcible entry and detainer case, the decision rested on *evidence* introduced at the trial. The court held it clearly appeared the possession was not "with the assent of the owner" and therefore no notice under Code section 2991, Code of 1897 (now section 562.4) was necessary to terminate it as a tenancy at will. But the court further held that as there had been thirty days' peaceful possession with knowledge of plaintiff, the action was barred under Code section 4217, Code of 1897 (now section 648.18). How this "peaceful possession" was proven does not appear.

Heiple v. Reinhart, 100 Iowa 525, 69 N. W. 871, comes more nearly conforming to the situation here, in that it was an action of forcible entry and detainer and was decided upon defendant's demurrer to plaintiff's petition. The action was held to be barred. It does not aid us in the instant case however because there was apparently no question but that the petition showed the thirty days' possession, after the cause of action accrued, was "peaceable and uninterrupted," under Code section 3621 which was substantially the same as present section 648.18. Plaintiff's petition here, on the contrary, does not show that fact.

IV. Plaintiff, out of an excess of caution perhaps, served a second three-day notice to quit before commencing the present action. We need not determine whether it was necessary so to do. The notice to quit is not the commencement of the action, Heiple v. Reinhart, supra (100 Iowa, top page 530, 69 N. W., page 873), but a necessary condition precedent to maintenance of it. The first notice here was given April 2 after expiration of the lease on March 31. It was followed by what the petition calls "an action in ejectment." This term perhaps applies more properly to an action for "recovery of real prop-

erty" under Code chapter 646. The defendant in his brief however refers to this first proceeding as "an action for forcible entry" and we assume it was such. Its dismissal did not, of itself, make a new three-day notice necessary.

There is no requirement that a "forcible entry" action be commenced within thirty days after the cause of action accrues or after the three-day notice to quit is given. The bar arises only upon thirty days' *peaceable* possession with knowledge of the owner, after the cause of action accrues.

Nor is there any fixed limitation of the time within which the three-day notice must be given. Unless there has been thirty days' peaceable possession with knowledge of the owner there seems to be no requirement that limits the time either for giving the three-day notice or for commencing action.

We are mindful of the fact that this form of proceeding is summary and that the statute must be strictly complied with. But it is also true that the ordinary rules of pleading apply when it is brought in the district court.

We conclude the decision of the trial court was right and it is affirmed.—Affirmed.

All JUSTICES concur.