## EVERMAN v. EVERMAN.

Court of Appeals of Kentucky.
Oct. 26, 1951.

J. A. Edge, Lexington, for appellant.

Elwood Rosenbaum, Lexington, for appellee.

CULLEN, Commissioner.

In an action against her estranged husband, in which she sought an award of alimony but did not ask for a divorce, Ophelia Hudgins Everman was granted the sum of $200 as lump sum alimony. On this appeal she contends that the award was wholly inadequate.

The parties were married in February 1946 and remained together until July 1947, when the husband departed from the one-room rented apartment in which they were living. At the time of the marriage, Mrs. Everman was a 57-year-old widow, and Mr. Everman was a 67-year-old widower. It appears that prior to the marriage there was some misrepresentation by each party as to financial condition, Mrs. Everman having represented that a rooming house she was operating was a profitable venture,. and Mr. Everman having represented that he owned a couple of farms and a home in Clark County. As it turned out, the owner of the rooming house dispossessed Mrs. Everman a few months after the marriage, and Mr. Everman's real estate ownership proved to be nothing more than a life estate in some property which his first wife had owned, and which, under the terms of his first wife's will, he had forfeited by marrying again.

The only assets of the husband established by positive proof were bank accounts totalling $400. At the time of the separation, he was employed as a deputy sheriff at a salary of $125 per month, from which there occasionally were deductions for days he was unable to work.

Mrs. Everman appears to have no property. Prior to the marriage, she operated the rooming house and also was employed as chief salad maker, at a salary of $100 per month, in a hospital in Lexington. A few months after the marriage she resigned from her job at the hospital, and as previously mentioned, she was dispossessed from the rooming house.

It is clear that neither of the parties to this marriage contract received quite what he bargained for. We consider it unnecessary to detail the evidence as to the conduct of the parties during the brief period of the marriage, and the causes of difficulties between them, but from the evidence the chancellor could have concluded that the wife was in some degree at fault in causing the separation.

The only sources from which alimony could be paid by the husband were his $400 bank account and the earnings he, now 68 years of age, might make as a deputy sheriff or in other unskilled employment.

Upon the whole case, we can find no basis for disturbing the judgment of the chancellor.

The judgment is affirmed.