MAGNUS J. SCHULTZ et al., appellants, v. HELEN SCHULTZ BREWER, also known as HELEN M. BREWER, et al., appellees.

No. 48105.

(Reported in 55 N.W.2d 561)

NOVEMBER 11, 1952.

 ██ 

E. W. Henke and Boyd G. Hayes, both of Charles City, for appellants.

Switzer, Clarke & Emery, of Des Moines, for appellees Helen Schultz Brewer and Leo J. Schultz.

Max E. Conn and Richard J. Lowther, both of Ames, for appellee The Mutual Benefit Life Insurance Company, of Newark, New Jersey.

GARFIELD, J.—The three plaintiffs and two of the defendants are sons and daughters of Joseph and Mary Schultz, deceased. The remaining defendant holds a mortgage on the land in controversy executed by defendant Helen Schultz Brewer after her father deeded the land to her. Plaintiffs claim each party other than the mortgagee owns an undivided fifth interest in the land. Defendant Helen claims to be sole owner under the deed from her father. The trial court sustained defendants' motions to dismiss. Of course the motions admitted all facts properly pleaded in plaintiffs' petition. We therefore look to the petition for the facts on which plaintiffs' claim is based.

Sometime before January 22, 1937, Mary Schultz, mother of the parties, sued their father, Joseph, for separate maintenance. Mary and Joseph entered into a written stipulation of settlement subject to the court's approval in the event separate maintenance was granted. Paragraph 2 of the stipulation recites that defendant (Joseph) had deeded plaintiff (Mary) eighty acres of land and would pay her $35 monthly for her mainte-

nance. The land so deeded to Mary is not now in controversy.

The essential parts of paragraphs 3 and 4 of the stipulation are substantially as follows:

"Three. In lieu of any dower interest which plaintiff has or may hereafter have in any of the property of defendant, *in the event plaintiff survive defendant,* defendant hereby grants and conveys unto plaintiff the life use of all of his property, after his demise, and after the demise of defendant, *if he precede plaintiff in death,* plaintiff shall have the use * * * of said property for the remainder of her said life * * *. Defendant hereby agrees that the remainder, after the expiration of plaintiff's life estate, shall go to the children of the parties in equal proportions, or that she may provide by Will that the children in equal proportions shall have the benefit of such remaining Estate, * * * and this provision shall inure to the benefit of said children as well as to plaintiff.

"Four. In lieu of any dower interest which defendant has or may hereafter have in any of the property, real or personal of plaintiff, *in the event defendant survive plaintiff,* plaintiff hereby grants and conveys unto defendant the life use of all of her property, after her demise, and after the demise of plaintiff *if she precede defendant in death,* defendant shall have the use * * * of said property for the remainder of his said life * * *. Plaintiff hereby agrees that the remainder, after the expiration of defendant's life estate, shall go to the children of the parties in equal proportions, or that he may provide by Will that the children in equal proportions shall have the benefit of such remaining Estate, * * * and this said provision shall inure to the benefit of said children as well as to defendant." (Emphasis added.)

On January 29, 1937, Mary was granted a decree of separate maintenance which, so far as material here, provides in substance: "that plaintiff have judgment against defendant for separate maintenance in accordance with the * * * stipulation of the parties filed in this cause, which * * * is by reference made a part hereof as fully as though set forth in this decree * * *. And the court finds and adjudges that the parties hereto have

not relinquished their respective dower rights and that *the survivor of the parties,* from the date of the demise of the party preceding the other in death does have a life estate in the property, both real and personal, *of such preceding decedent,* and the use \* \* \* of all *such property as said preceding decedent may die seized of,* and that the remainder *of such property,* after the demise of the survivor, shall go to the children of the parties in equal proportions, and in accordance with the stipulation of the parties in this cause. And it is further hereby expressly adjudged that in the event of failure on the part of either of the parties to this cause to provide for the disposition of the property of said party, as in said stipulation set forth, that the right to enforce the terms thereof shall inure to any child or children of the parties to this cause." (Emphasis added.)

Plaintiffs alleged that on January 29, 1937, Mary and Joseph made an oral agreement modifying paragraphs 3 and 4 of the stipulation by agreeing that neither relinquished his or her dower rights in the property of the other and that each of the five parties (other than the mortgagee) acquired a fifth interest in the land in controversy by virtue of the written stipulation as orally modified and the decree of separate maintenance. Mary died in August 1941. Joseph died intestate in December 1946. Joseph failed to provide for the disposition of the land in question in equal shares among his sons and daughters but deeded it October 28, 1941, to defendant Helen.

Plaintiffs also alleged that after Mary's death Joseph took possession of her property under the provisions of "said agreement and decree." What property Mary left at her death does not appear. It is not alleged the land in controversy was ever owned by her.

Allegations of the petition as to accounting by defendant Helen for rents and profits need not be mentioned.

One ground of defendants' motions to dismiss is that the stipulation and decree of separate maintenance do not by their terms vest or establish any right or title to the land in controversy in plaintiffs. The trial court sustained this ground, as well as another. He held the stipulation and decree do not give the parties hereto any interest in property owned by the father in fee simple.

We understand it is conceded the land in controversy was owned by the father both before and after the stipulation and decree were made and was never owned by the mother.

We think the trial court correctly held that neither the stipulation nor decree of separate maintenance gives the sons and daughters any interest in land owned in fee *by the surviving parent.* Both the stipulation and decree purport to convey only property of the parent first to die. Neither imposes an obligation upon the surviving parent to leave all the property owned in fee by him or her equally among their sons and daughters.

Paragraph 3 is the part of the stipulation which deals with the property of Joseph. (He was defendant in the separate maintenance action.) The conveyance of Joseph's property in paragraph 3 is conditioned upon "the event plaintiff [Mary] survive defendant" or that "he [Joseph] precede plaintiff in death." The life estate to Mary in Joseph's property with remainder to the sons and daughters never became effective because Mary did not survive Joseph but preceded him in death.

Paragraph 4 of the stipulation deals with the property of Mary. It is not here involved because it is not claimed the property in controversy was ever owned by her. However, paragraph 4 is analogous to paragraph 3 and purports to convey Mary's property only "in the event defendant [Joseph] survive plaintiff" or "if she precede defendant in death." It would seem the life estate to Joseph in Mary's property with remainder to the sons and daughters became effective because Joseph survived Mary, but, as stated, the property in controversy never belonged to Mary.

The decree of separate maintenance attached to plaintiff's petition clearly states the effect of the stipulation (which was subject to the court's approval) and measures the rights of the parties in this language, *"the survivor of the parties,* from the date of the demise of the party preceding the other in death does have a life estate in the property * * * *of such preceding decedent,* and the use * * * of all *such property as said preceding decedent may die seized of,* and that the remainder *of such property,* after the demise of the survivor, shall go to the children of the parties in equal proportions, and in accordance with

the stipulation of the parties in this cause." (Emphasis added.)

That it is the decree, not the stipulation, which creates whatever rights the parties have, see Kuyper v. Kuyper, 244 Iowa 1, 4, 55 N.W.2d 485, 487, and citations. The trial court's decree here is in harmony with the adjudication in the separate maintenance action.

The apparent purpose of the stipulation as confirmed by the decree of separate maintenance was to convey a life estate to the surviving parent in the property of the parent first to die, with remainder over in such property in equal shares to the children. There was no attempt to dispose of the property owned in fee simple by the surviving parent. The stipulation and decree left the survivor free to dispose of his or her own property in any lawful manner.

In Campbell v. Dunkelberger (Ladd, J.), 172 Iowa 385, 387, 153 N.W. 56, 57, a joint and mutual will executed by a husband and wife provided that the survivor should have a life estate in the property of the one first to die. Clause 4 of the will stated: " 'It is the will of Maria Dunkelberger that in the event Elias Dunkelberger survive her that the remainder of her real estate * * * shall go to her two sons * * * provided, however, that they pay to my estate the sum of $65.00 per acre' * * *." We held the quoted provision was invalid because Elias died before Maria. The opinion states (page 393 of 172 Iowa, page 59 of 153 N.W.) : "The petition prayed that the fourth clause of the will be declared void, and as this entire clause was upon the condition that her husband survive her, there is no escape from this conclusion. The option to purchase the remainder is subject to this condition precedent * * *."

Even where a surviving spouse is obligated to dispose of his property at death in a certain manner courts are slow to hold he cannot dispose of his own property in good faith during his lifetime unless he has expressly agreed not to do so. Plaintiffs do not allege here that the deed from Joseph to his daughter Helen was not made in good faith. Nor, we may add, is there any claim of implied agreement between Joseph and Mary which was violated by Joseph's deed to Helen.

The annotation in 108 A. L. R. 867, 868, 869, says: "It may

be stated generally that the courts will not consider that the parties to a joint and mutual will intended to limit the disposition by each of his or her own property in good faith during his or her lifetime, unless a plain intention to this effect is expressed in the will or in the agreement pursuant to which it is executed. Thus, where husband and wife, pursuant to agreement between them, make a joint will giving to the survivor the income of their real and personal property during life, and providing that after the death of the survivor the property shall be divided in a certain manner, each during his lifetime remains the absolute owner of his own property, with all the rights of an owner, and nothing short of plain and express words to that effect will be sufficient to limit the use of, or to impress a trust upon, the property of the other during his or her lifetime, so as to prevent disposition thereof by the owner in good faith after the death of the other spouse." We will mention some decisions which support the text.

In Rastetter v. Hoenninger, 214 N. Y. 66, 72, 108 N.E. 210, 211, a leading case, a joint and mutual will of husband and wife devised a life estate to the survivor in " 'our' " property and after the survivor's death " 'all our property' " was to be divided equally between a son and daughter. Obviously this is a broader provision than is contained in the stipulation or decree here. After the wife's death the husband purchased and took title to land in the name of the daughter. It was not shown the land was purchased with money that came from the wife. The court held the contract evidenced by the will did not prevent the husband from thus disposing in good faith of the land deeded to the daughter. The opinion states (page 74 of 214 N. Y., page 212 of 108 N.E.) : "Each, during his life, remained the absolute owner of his own with all the rights of an owner. Certainly nothing short of plain and express words to that effect should suffice in such a case to limit the use, or to impress a trust upon, the property of each during his own life."

In National Life Ins. Co. of Montpelier, Vt. v. Watson, 141 Kan. 903, 905, 44 P.2d 269, 270, a joint and mutual will of husband and wife gave " 'to each other as the survivor may be a life estate in and to all the real property of which we or either

of us may die seized or possessed.' " Subject to such life estate all real estate was devised equally among sons and daughters. After the wife's death and the husband's election to take under the will the husband mortgaged certain of his own land. It was held the husband was not disabled from mortgaging his own land. The opinion says: "He did not bind himself not to alienate or dispose of any of his property during his life as his own wants, needs or convenience might require. When Martin Childers joined in the execution of the mutual and reciprocal will of himself and his first wife, he did not thereby intend to disable himself to exercise dominion over his own property."

In Ohms v. Church of the Nazarene, 64 Idaho 262, 130 P.2d 679, a contract and joint and mutual will of husband and wife provided that all property they owned at the death of one of them should become the property of the survivor absolutely *and that any property* owned by the survivor at death should go to named children and grandchildren of the husband. After the husband's death, the wife deeded to defendant forty acres which the husband had deeded to her three days before the contract and will were made. The court held the deed to defendant was valid and not in violation of the contract or will. The opinion states (page 269 of 64 Idaho, page 682 of 130 P.2d): "By the terms of her contract Lou Ohms was obligated to leave to her husband's children and grandchildren, if she survived him, all the property of which she died seized. That did not include property which she had owned absolutely and which she had given away prior to her death."

See also Wallace v. Peoples, Tex. Civ. App., 89 S.W.2d 1030.

It is unnecessary to consider other grounds of defendants' motions to dismiss.—Affirmed.

All JUSTICES concur.