MAGNUS J. SCHULTZ et al., appellants, v. HELEN SCHULTZ BREWER, also known as HELEN M. BREWER, et al., appellees.

No. 48330.

(Reported in 61 N.W.2d 446)

DECEMBER 15, 1953.

E. W. Henke and Boyd G. Hayes, both of Charles City, and Jno. A. Senneff, of Mason City, for appellants.

No appearance for appellees.

THOMPSON, J.—This action involves the same stipulation and decree, in an action for separate maintenance, which were before us recently in Schultz v. Brewer, 244 Iowa 21, 55 N.W.2d 561. It involves other property, however, and the issues are materially different.

On January 22, 1937, there was pending in the district court of Floyd County an action for separate maintenance in which Mary Schultz was plaintiff and Joseph Schultz, Jr. was defendant. These parties were the father and mother of both plaintiffs and defendants herein. On the date named the parties entered into a stipulation of settlement of their suit; and on January 29, 1937, upon hearing the court entered its decree granting Mary Schultz a separate maintenance from the defendant therein, and confirming and adopting the provisions of the stipulation; except the court did not follow the stipulation as to each party waiving dower in the other's property, but expressly reserved the right of dower to each. This apparently was because of an oral agreement between the parties made between the time of the stipulation and the entry of the decree.

Mary Schultz died intestate in August 1941, and Joseph Schultz, Jr. died intestate December 19, 1946. In the first case we were concerned with certain real estate to which Joseph Schultz, Jr. held legal title, and which he conveyed to the de-

fendant Helen Schultz Brewer on October 28, 1941. In the action now before us we are dealing with a different parcel of realty, consisting of eighty acres of land, which Joseph deeded to Mary on January 22, 1937, the date of the stipulation, and to which she held record title at the time of her death. Joseph Schultz, Jr. deeded this real estate to the defendant Leo J. Schultz on November 14, 1946, and he now claims to be the sole owner. It appears the defendant Helen Schultz Brewer has and claims no interest in the land in question, other than as alleged by plaintiffs. The controversy is entirely between plaintiffs and Leo J. Schultz.

In Schultz v. Brewer, supra, the litigation turned upon the provisions of paragraphs 3 and 4 of the stipulation of settlement entered into on January 22, 1937. These, except for the provisions relating to dower which were modified by oral agreement of the parties, were adopted by the court in its decree of January 29, 1937. Paragraph four, the one relating to Mary Schultz's property, is set out herewith:

"In lieu and instead of any dower interest which the defendant has or may hereafter have in any of the property, real or personal of the plaintiff, in the event the defendant survive the plaintiff, the plaintiff hereby grants and conveys unto the defendant the life use of all of her property, real and personal, after her demise, and after the demise of plaintiff, if she precede defendant in death, the defendant shall have the use, income, profits and enjoyment of said property for the remainder of his said life, and in addition thereto, in the event of emergency, the right to use such part of the principal as may be necessary to provide the proper necessities of life of defendant. Plaintiff hereby agrees that the remainder, after the expiration of defendant's life estate, shall go to the children of the parties in equal proportions, or that he may provide by Will that the children in equal proportions shall have the benefit of such remaining Estate, it being expressly provided hereby that such proportions may be left in trust in any instances that plaintiff may deem same advisable, and this said provision of this stipulation shall enure to the benefit of said children and heirs at law as well as to that of the defendant."

Paragraph 2 of the stipulation, likewise embodied in the decree, is important in the present case. It provided:

"As and for the separate maintenance of the plaintiff, the defendant has made, executed and delivered to the plaintiff his deed and conveyance in and to the following described real estate, to wit:

"The Northeast Quarter (NE¼) of the Southeast Quarter (SE¼) and the Southeast Quarter (SE¼) of the Northeast Quarter (NE¼) of Section Thirty-four (34), Township Ninety-four (94), Range Fifteen (15), West of the Fifth P. M., Riverton Township, Floyd County, Iowa, containing Eighty (80) Acres, according to the Survey thereof.

"Possession to said real estate, as by the terms of said Deed, is hereby granted to the plaintiff as of March 1st, 1937. Defendant shall pay the first half of the 1936 taxes payable in 1937 and plaintiff shall pay the second half of the 1936 taxes payable in 1937 upon said real estate.

"Beginning with the first day of March, 1937 and on the first day of each and every month thereafter, until and unless otherwise ordered by the court or agreed by the parties, the defendant shall pay or cause to be paid into the hands of the clerk of the district court of Floyd County, Iowa, for the use and benefit of the plaintiff, the sum of thirty-five dollars ($35.00), and the clerk of said court is hereby authorized to enter judgment from time to time for any unpaid monthly installments if and in the event the same become delinquent."

Paragraph 2 above-quoted is the one which made provision for Mary Schultz's separate maintenance. The real estate described therein is the same parcel whose ownership is litigated in this case, and which was conveyed to Mary Schultz by the deed of January 22, 1937, above referred to.

Plaintiffs' petition first set out the separate-maintenance action, with stipulation and decree, and prayed that the shares of the parties plaintiffs and defendants be fixed at one fifth each, and for an accounting of rents and profits from Leo J. Schultz. To this Leo J. Schultz filed his motion to dismiss, which we set out:

"Comes now the defendant, Leo J. Schultz, and respectfully

moves the court to dismiss plaintiffs' petition in the above cause and for reasons states:

"1. That the petition of the above plaintiffs alleges their interest in and to the real estate involved herein was acquired by virtue of a decree based on a stipulation entered into between the parties in the cause entitled, Mary Schultz, Plaintiff, v. Joseph Schultz, Jr., Defendant, Cause 13910 in the office of the Clerk of the above court. A copy of the stipulation and decree is attached to plaintiffs' petition; this defendant alleges that in the above referred to action being an action for separate maintenance, the Court was without authority or power to adjudicate property rights of the parties to said action and the decree above referred to was void and of no force or effect insofar as it purported to adjudicate the property rights of said parties thereto and no property rights vested in the plaintiffs to this action under or by virtue of the decree of separate maintenance.

"WHEREFORE, this defendant prays that plaintiffs' petition be dismissed."

Thereafter, and before a ruling was had on the motion to dismiss, plaintiffs amended their petition, the material part being Division IV, in which they alleged the deed from Joseph Schultz, Jr., to Mary Schultz on January 22, 1937, that Mary died intestate before Joseph's death, and referred to the conveyance from Joseph to Leo J. Schultz in 1946. They also alleged the shares of plaintiffs and defendants were two fifteenths each, apparently conceding Joseph Schultz, Jr., as surviving spouse of Mary, had a one-third dower interest in the land in question which he had a right to convey.

Thereupon Leo J. Schultz amended his motion to dismiss by alleging any transfer of real estate made in connection with the separate-maintenance action was void; and further that "any agreement by Mary Schultz and Joseph Schultz, Jr. for an adjudication of property rights in said separate-maintenance action was void and of no force or effect inasmuch as said parties could not by agreement confer jurisdiction on the court when said court in fact had no jurisdiction to adjudicate property rights." The motion to dismiss as amended was granted by the court and decree and judgment entered dismissing plaintiffs' petition.

I. The trial court in sustaining the motion to dismiss said "it was not the intention of the court or the parties to the decree [in the separate-maintenance suit] that said decree should provide for a testamentary disposition *of the property of which Joseph Schultz, Jr. died seized* and neither the stipulation nor the decree, under the wording thereof, can be considered in that light especially in view of the indefinite wording thereof and the fact that the action before the court involved the awarding of separate maintenance to the plaintiff *and the court in such action would have no jurisdiction to adjudicate property rights other than to provide maintenance for the plaintiff."* (Italics ours)

II. We fear the learned court was laboring under a mistake of fact at the first point which we have italicized, and of law at the second. The land involved here is not "property of which Joseph Schultz, Jr. died seized" except as to his dower interest which he acquired when his wife, Mary, died. His life interest of course terminated with his own death. This realty had been conveyed to Mary Schultz on January 22, 1937, and so far as the record shows she held title at the time of her death. We are here dealing with a motion to dismiss plaintiffs' petition, and must under well-established rules take all facts well pleaded as verities. Unless the court had no jurisdiction to make any property settlement in the separate-maintenance action, even by stipulation of the parties, and unless, further, this lack of jurisdiction in some manner affected the deed given by Joseph to Mary, we must take it as a fact she died seized of the land in question. We shall discuss the matter of jurisdiction in Division III following. Since we hold the court did have jurisdiction, it seems inescapable that Mary had legal title when she died, and Joseph had nothing thereafter which he could convey except his life estate and his one-third dower interest.

We said in Schultz v. Brewer, supra, at page 25 of 244 Iowa, page 563 of 55 N.W.2d: "It would seem the life estate to Joseph in Mary's property with remainder to the sons and daughters became effective because Joseph survived Mary * * *." Again, on page 26 of 244 Iowa, same page of N.W.2d, is this language: "The apparent purpose of the stipulation as confirmed by the

decree of separate maintenance was to convey a life estate to the surviving parent in the property of the parent first to die, with remainder over in such property in equal shares to the children." These statements may be classed as obiter dictum, but they are persuasive and sound, and we think clearly express the real effect of the stipulation and decree in the separate-maintenance action as to the property of the parent first deceased. Joseph Schultz, Jr. had no interest in property of which Mary, the first to die, died seized except for his dower and life estate. The trial court's ruling indicated it thought it was dealing with property of which Joseph died seized, and so it followed our holding in Schultz v. Brewer, supra. In this, of course, it was in error.

The point here discussed was not raised by the motion to dismiss, and we have no brief and argument for the defendant-appellee, Leo J. Schultz. We shall therefore content ourselves with what has been said above, without further elaboration of the several authorities bearing on the question made available to us by the plaintiffs-appellants. These include such cases as Kisor v. Litzenberg, 203 Iowa 1183, 212 N.W. 343; Stewart v. Todd, 190 Iowa 283, 173 N.W. 619, 20 A. L. R. 1272; and Baker v. Syfritt, 147 Iowa 49, 125 N.W. 998. They recognize and uphold the general principle that an agreement to give or devise property, based upon a consideration, is a valid contract and may be enforced by the stipulated beneficiary.

III. The only point raised by the motion to dismiss was that the court had no jurisdiction to make a division or settlement of the property of the parties in the separate-maintenance action. The district court apparently agreed. We have, in Division II, indicated our disagreement.

A suit for separate maintenance, or as it is sometimes denominated, for alimony without divorce, is not provided for by statute in Iowa. It is maintained under the general equity powers of the courts. The power of the courts to consider this class of cases was first determined in Graves v. Graves, 36 Iowa 310, 14 Am. Rep. 525. It is now so well established it is not open to question. Likewise, the land involved here is located in Floyd County, and both Joseph and Mary Schultz were residents there.

The court had full jurisdiction both of the subject matter and of the parties when it entered its decree awarding Mary Schultz separate maintenance. In passing it should be noted it is the decree rather than the stipulation which fixes the rights of the parties. Schultz v. Brewer, supra, and Kuyper v. Kuyper, 244 Iowa 1, 4, 55 N.W.2d 485, 487, and cases cited. But when the decree merely approves the stipulation without incorporating it verbatim we necessarily turn to the stipulation to learn the terms of the decree.

 It seems to have been the thought of defendant's counsel and the trial court that there was jurisdiction in the separate-maintenance action only to award the plaintiff wife therein a sum for her support, payable in installments, and when the court attempted to go beyond that point and settle the property rights of the parties it lost jurisdiction. It will be noted paragraph 2 of the stipulation, as adopted by the decree, awards to the plaintiff "as and for her separate maintenance" the real estate in controversy, plus cash payments of $35 per month. The land was presumably valuable, and would in itself earn some income to help in Mary Schultz's maintenance. The general rule is that maintenance should be provided by periodical payments rather than by a gross sum. 42 C. J. S., Husband and Wife, 251, 252, section 623; 27 Am. Jur., Husband and Wife, 23, 24, section 415. We have ourselves said in Avery v. Avery, 236 Iowa 9, 14, 17 N.W.2d 820, 823:

"In the absence of very special circumstances, we do not think such an award [a gross sum] should be made in a separate-maintenance suit. The considerations which support a lump-sum award or division of property in a divorce action that terminate property rights are not present in separate-maintenance suits where property rights are retained."

But we did permit an award in gross to stand in the Avery case, and it is said that settlements in these cases in lump sums are sometimes approved in exceptional circumstances "or when consented to." 42 C. J. S., page 252, supra.

Even if we had established the rule that separate-maintenance awards must be in the form of periodical payments under all circumstances, we should still be confronted by the question

whether a gross sum allowance was in excess of the jurisdiction of the court, or merely error which might be corrected on appeal. In the latter case, the decree having been entered on January 29, 1937, and no appeal having been taken, the judgment is a verity and cannot now be collaterally attacked. But we need not decide this point, since our decided cases have approved gross sum settlements, thereby removing any question of determining between lack of jurisdiction and irregularity. It was neither, under the circumstances existing at the time of the separate-maintenance decree between Mary and Joseph Schultz.

In Goldie v. Goldie, 123 Iowa 175, 98 N.W. 630, 99 N.W. 707, in a separate-maintenance action, the trial court had awarded the wife $160 per year, giving her also the option to take a lump-sum settlement if the husband made default in payment of the yearly installments. On appeal the case was affirmed, but while the appeal was pending default was made by the husband. On petition for rehearing, this being made to appear to this court, and both parties having asked that their property rights be finally settled as in the case of a divorce, it was ordered the wife recover of the husband $1500 in full for her separate maintenance and for her interest in the husband's property. Here this court approved not only a gross sum payment for separate maintenance, but made a settlement of property rights when the parties so agreed.

In Tallmon v. Tallmon, 166 Iowa 370, 379, 147 N.W. 746, 749, the parties had agreed to a gross sum payment to the plaintiff wife in a separate-maintenance action. The sum was paid by the defendant to the plaintiff's attorneys. Because, apparently, of a dispute with her counsel over the division of the amount paid, plaintiff refused to accept the settlement and attempted to pursue her suit. The trial court dismissed the case, holding the settlement binding, and this court affirmed, saying: "If plaintiff had a cause of action against her husband for separate maintenance because of his desertion of her, we see no reason for holding that she may not compromise that claim, *and agree on the amount*, without fighting it out to final judgment." (Italics ours) It was held her claim had been fully compromised and settled.

We have pointed out the language in paragraph 2 of the stipulation which says the property in dispute here was made

over to plaintiff Mary Schultz for her maintenance. It was not conveyed to her as a settlement of property rights between the parties, but to assist in her support. Goldie v. Goldie, Tallmon v. Tallmon, and Avery v. Avery, all supra, indicate there was no lack of jurisdiction to do what the court did in the separate-maintenance action involved here.

We find error in the ruling and decree of the trial court, and the case must be returned to it for further proceedings in harmony with this opinion.—Reversed and remanded.

All JUSTICES concur except BLISS, J., who takes no part.