MARY VAN EMMERIK, appellant, v. ROBERT VUILLE, appellee.

No. 49304.

(Reported in 88 N.W.2d 47)

FEBRUARY 11, 1958.

REHEARING DENIED APRIL 11, 1958.

Bray, Carson & McCoy, of Oskaloosa, for appellant.

Herrick & Langdon, of Des Moines, for appellee.

WENNERSTRUM, J.—The plaintiff, Mary Van Emmerik, brought an action of forcible entry and detainer against the defendant, Robert Vuille, for the possession of a 260-acre farm in Jasper County. The defendant filed a motion to dismiss, the grounds of which will be commented on hereinafter. The trial court sustained this motion on the grounds the defendant had retained 30 days peaceable possession since the action had accrued and for the further reason the wife of the tenant is a co-owner of the property and had not been made a party to the action. The plaintiff has appealed.

C. A. Van Emmerik and Marcia Vuille-Mons, as co-owners, on September 27, 1951, leased the farm property here involved

to Florence W. Mons for a five-year period commencing on March 1, 1952. On August 20, 1952, the lessee, Florence W. Mons, assigned the lease to Robert Vuille, the defendant. We are advised in the defendant's brief it is the custom in Switzerland when a woman marries she adopts her husband's name but adds by way of a hyphen her maiden name. This practice was followed by Mrs. Vuille. This accounts for the use of the name Marcia Vuille-Mons. The names of the parties are in no way determinative of the action. From the notices served we gain the information this last named person is the wife of Robert Vuille and a daughter of Florence W. Mons, the original lessee. It will thus appear that Marcia Vuille-Mons is one of the co-owners of the property leased to her husband by assignment from Florence W. Mons.

On October 30, 1956, C. A. Van Emmerik, one of the lessors, served on Robert Vuille and Marcia Vuille-Mons a notice of termination of agricultural lease. (Sections 562.6, 562.7, 1954 Code) This notice advised the lessee and parties in possession the five-year lease would terminate on March 1, 1957. The lease provided: "Lessee shall have the option to renew this lease for a five-year period." And by reason of this provision Florence W. Mons, the original lessee, and Robert Vuille, the assignee of the lease, on October 31, 1956, served a notice of exercise of option to renew lease for a period of five years from March 1, 1957, on C. A. Van Emmerik and Marcia Vuille-Mons.

On March 12, 1957, C. A. Van Emmerik served a three-day notice to quit on the defendant, Robert Vuille. (Section 648.3, 1954 Code) This notice was not served on Marcia Vuille-Mons, one of the co-owners and who, with her husband, was in possession of the farm. On April 1, 1957, a second three-day notice to quit was served on Robert Vuille by C. A. Van Emmerik. This notice likewise was not served on Vuille's wife. Sometime between April 1, 1957, and April 11, 1957, the plaintiff, Mary Van Emmerik, received a conveyance of the interest of C. A. Van Emmerik in the farm.

On the last named date the plaintiff filed her action for forcible entry and detainer in the Jasper District Court naming Robert Vuille as the sole defendant.

I. Relative to an action for forcible entry it is pro-

vided in section 648.18, 1954 Code: "Thirty days peaceable possession with the knowledge of the plaintiff after the cause of action accrues is a bar to this proceeding." A notice to quit is a necessary condition precedent to the maintenance of an action for forcible entry and detainer. Town of Lakota v. Gray, 240 Iowa 193, 197, 35 N.W.2d 841. However, a notice to quit is not the commencement of an action. Roshek Realty Co. v. Roshek Brothers Co., 249 Iowa 349, 358, 87 N.W.2d 8, 14, and cases cited. The action for forcible entry and detainer in the present case was not commenced until April 11, 1957.

II. The petition of the plaintiff avers: "Par. 4. That the defendant went into the possession of said real estate under said lease on or about the 1st day of March, 1953 [1952], and has remained in possession thereof since said date." It will be observed there is no statement in the quoted portion of the petition the possession was peaceable and we have been unable to find in any other part of the petition such a statement.

A motion to dismiss admits the truthfulness of the allegations of the petition which are well pleaded. Eittreim v. State Beer Permit Board, 243 Iowa 1148, 1150, 53 N.W.2d 893; Schultz v. Brewer, 244 Iowa 21, 22, 55 N.W.2d 561; Bales v. Iowa State Highway Commission, 249 Iowa 57, 62, 86 N.W.2d 244, 247.

III. It is true in the motion to dismiss there is an allegation the defendant had peaceable possession of the property in question with the knowledge of the plaintiff after the accrual of the purported cause of action. The defendant thus seeks to supply in his motion to dismiss a necessary allegation not found in the petition. Such a statement in a motion to dismiss must be considered a "speaking" demurrer or motion and must be disregarded as it is not a fact alleged in the plaintiff's petition. Bales v. Iowa State Highway Commission, supra, page 62 of 249 Iowa, page 248 of 86 N.W.2d.

Inasmuch as there is no allegation of 30 days peaceable possession in the petition and that fact cannot be supplied in the motion to dismiss we must hold the sustaining of the defendant's motion on this ground was erroneous. Town of Lakota v. Gray, supra, 240 Iowa 193, 195, 35 N.W.2d 841, 842; Rudolph v. Davis, 237 Iowa 1383, 1386, 25 N.W.2d 332, 334.

The following statement in Town of Lakota v. Gray, supra, is applicable to the situation disclosed by the instant record: "This statute provides a bar only upon an affirmative showing of peaceable possession for the stated time. It is for defendant to make this showing if it does not appear on the face of the petition. It is a part of the limitation. Mere possession is not enough. It is not necessary to hold, as plaintiff argues and as the trial court held, that the petition negatives peaceable possession. It is sufficient if it does not affirmatively show it."

It is also stated in Rudolph v. Davis, supra: "* * * The mere fact that appellees retained possession of the farm did not constitute peaceable possession. * * *."

IV. The trial court held, as one of its grounds for sustaining the motion to dismiss, the wife of the tenant, one of the co-owners of the property, had not been made a party. We must hold she was not a necessary party, and in holding she was the trial court was in error.

In 36 C. J. S., Forcible Entry and Detainer, section 21, page 1163, it is stated: "* * * One tenant in common * * * may maintain the action against a stranger, without joining his cotenants as plaintiffs, because the possession of one is the possession of all and as against a stranger to the title each is entitled to possession of the whole estate." See also 22 Am. Jur., Forcible Entry and Detainer, section 24, page 923.

This court has held as herein announced in Willis v. Weeks, 129 Iowa 525, 527, 105 N.W. 1012, 1013, where we stated: "* * * it is well settled that one of several tenants in common can maintain an action of forcible entry and detainer. The possession of one tenant in common is presumed to be in support of the common title of all, and, if one is restored to possession, such possession is that of his cotenants, as well as of himself. The action is purely possessory, save when a paramount title is pleaded, in pursuance of section 4216 of the Code; and as a tenant in common is entitled to possession of the whole, as against a stranger to the title, he is authorized to maintain the action. The unlawful detention is a wrong to each and every person from whom possession is forcibly detained. The wrong to one is not lessened by that to others; nor should one be precluded

916

from redress, though others, who may have been injured in like manner, do not choose to join him in the action." (Citing cases)

It should be kept in mind Robert Vuille was the sole lessee. There is no statement in the petition Marcia Vuille-Mons was his wife. Under our holding in Division III hereof we cannot assume that fact. Even if we were to do so she would not be a necessary party for that reason. 36 C. J. S., Forcible Entry and Detainer, section 34, page 1172.

For the reasons heretofore set out we reverse and remand. —Reversed and remanded.

All JUSTICES concur except SMITH, J., not sitting.