Margaret B. Spackman,
Plaintiff,

*vs.*

Thomas Spackman, II
Defendant.

*New Castle, July 18, 1962.*

*Edward W. Cooch, Jr.,* of Cooch & Taylor, Wilmington, for plaintiff.

*Thomas H. Wingate,* Wilmington, for defendant.

SHORT, Vice Chancellor: This is an action for separate maintenance brought by plaintiff who is the wife of the defendant. Plaintiff seeks maintenance for herself and her daughter, Virginia, aged 17 years. This is the decision after final hearing.

Plaintiff and defendant were married on January 29, 1938. Two children were born of the marriage, namely Barbara Spackman, now married, and Virginia Baker Spackman. For some years prior to October 12, 1960 the parties lived together at 1405 Woodlawn Avenue in the City of Wilmington. Plaintiff charges that on the date mentioned defendant deserted her and has since resided elsewhere. Plaintiff has continued to occupy the premises mentioned which are owned by plaintiff and defendant as tenants by the entireties.

Defendant is employed by the DuPont Company in Wilmington. His salary in 1960 was $16,144.86. In 1961, his salary was $15,898.-25. In addition to salary defendant has had dividend income, in 1960 $6,125.65, and in 1961 $6,483.27. Defendant is now 52 years of age. His net estate, consisting in the main of securities, amounts to approximately $260,000.

Plaintiff asks that the court enter an order requiring defendant to pay to her a periodic sum which will enable her to maintain the standard of living which the family enjoyed prior to defendant's alleged desertion. She also seeks a lump sum award out of the defendant's estate.

It appears from the testimony that while living together the parties enjoyed many of the luxuries of life. They lived in a comfortable home, operated two automobiles and ate well. The children attended private schools in Wilmington. They were members of several clubs. Plaintiff had the benefit of charge accounts in various department and other stores. A joint checking account was maintained for the benefit of the family. In 1959, the last full year in which the parties and their two children lived together, defendant spent in excess of $16,000 for household and living expenses. This sum did not include federal and state income taxes. Since October 1960 the daughter Barbara has married and removed from the home. Virginia attends a private boarding school. Plaintiff no longer enjoys the benefits of membership in the several clubs. The charge accounts have been cut off by the defendant. She no longer has the use of a suitable automobile. The joint checking account has been closed out. It also appears that defendant presently has life insurance on his life approximating $60,000 face value and that he has changed the beneficiaries of his insurance to someone other than the plaintiff or his children. The insurance involved is apparently what is commonly known as term insurance and its value will decrease appreciably at the time of defendant's retirement from his present employment. Plaintiff has no separate income. She is 55 years of age and opportunity for her gainful employment is limited.

It appears that commencing in October 1960 defendant paid to plaintiff for her maintenance the sum of $400 per month until March

of 1961, at which time he reduced the monthly payment to $300. In addition to the monthly payments made by the defendant he has paid various items of plaintiff's necessary living expenses. These sums will be hereafter referred to.

At the conclusion of plaintiff's case defendant moved to dismiss on the ground, (1) that the alleged desertion had not been proved, and (2) that the evidence clearly showed that defendant was con-- tributing a sufficient sum to provide the proper maintenance of the plaintiff and the minor daughter, Virginia. This motion was renewed at the conclusion of defendant's case.

Defendant asserts that plaintiff has failed to prove that he deserted her and that, therefore, she is not entitled to any award for her own needs. I think that the record fairly establishes that defendant left the joint home in October 1960. He offered no testimony in justification of his having left the home. Moreover, he has voluntarily contributed a monthly sum to the plaintiff for her maintenance since October 1960 and has paid bills created by his wife in maintaining the jointly owned property and for other of her needs. Defendant, under the circumstances, can not in good grace challenge the assertion that he deserted the plaintiff. The motion to dismiss on this ground is, therefore, denied.

Plaintiff's testimony tends to establish that she requires a monthly sum of $111.91 for shelter. The only item objected to by the defendant with respect to this category is for fuel oil which is used to heat and furnish hot water for the home. Plaintiff testifies that the cost of fuel oil would average $30 per month. Defendant says that this amount is too high. He does not suggest what would be a reasonable figure for this item. In view of the age, size and condition of the premises I do not believe that the amount which plaintiff says is reasonably needed to provide heat and hot water is in any way exorbitant. Accordingly, I find that the testimony establishes that plaintiff requires a sum for maintenance with respect to shelter of $111.91 monthly.

Plaintiff testified that her reasonable needs for household expenses amount to $322.48 per month. Defendant contests the reason-

ableness of certain of the items in this category. Plaintiff's claim that she requires $200 per month for food, beverages and supplies appears to me to be unwarranted. Defendant says that an award of $65 per month for this need would be ample. However, in answer to a question put to defendant on deposition he testified that a reasonable sum would be $120. The latter figure would, in my opinion, be ample to provide plaintiff her necessary expenses with respect to this item. Defendant questions plaintiff's need for maid services one day per week at an annual expense of $490. It appears that services of this kind were available to plaintiff while the parties were living together. In any event, at trial defendant made no serious objection. I find it a proper item of reasonable need. Defendant also objects to plaintiff's statement that she will require $300 annually for drug store items. Other than to say that the figure mentioned is too high, defendant has offered no testimony. I will accept the wife's estimate as to her needs in this regard. I therefore find that a reasonable sum for household expenses is $242.48.

The testimony discloses that for some years prior to the desertion the parties maintained a summer camp at Crater Club, Essex, New York, and that plaintiff has continued to make use thereof. Plaintiff states that she requires the sum of $31.80 monthly to maintain and make use of this property. Defendant does not seriously question the necessary expenses incident to the maintenance and use of the camp. This item may, therefore, be properly awarded to the plaintiff.

Plaintiff testified that her needs for clothing, shoes and dry cleaning would require an award of $78 per month. The record does not establish a need to the extent testified to. I am satisfied that plaintiff's reasonable requirements under this item can be met by an award of $43 per month.

Plaintiff has available to her the use of a 1937 Cadillac automobile. The testimony establishes that the vehicle is not presently in use and that its use by her is economically undesirable. Defendant has agreed to furnish plaintiff a suitable vehicle upon her surrender to him of the Cadillac autombile. The necessary expenses involved to provide plaintiff with transportation amount to, according to her testimony, $69.83 per month. Defendant admits that it will cost his wife at least $60

per month for the maintenace and operation of the vehicle. I find that the figure of $69.83 is reasonable.

Plaintiff testified that she will have miscellaneous expenses which require an award of $92.70 per month. Plaintiff's estimate is not seriously challenged by defendant.

■ The testimony therefore establishes that the reasonable needs of the plaintiff for her maintenance amount to $591.72 per month. This amount does not, of course, include any provision for income taxes which the wife will be required to pay on any award which may be made to her. The item of taxes will be hereinafter dealt with.

■ Defendant contends that he has been contributing to his wife's maintenance an amount exceeding that which I have found to be proper. I am doubtful that this is established by the record, but assuming that it is, the record also discloses that with respect to many of the bills which defendant has paid there has been undue delay in payment after such bills have come to his notice. This has resulted in considerable embarrassment to the plaintiff. She should not be required to submit to harassment from creditors, nor be compelled to call upon her husband on each occasion when she is required to make charges for her proper support and maintenance. Under all of the circumstances appearing I am satisfied that plaintiff is entitled to maintain this action to require the defendant to pay to her the sum which is necessary for her proper maintenance. Defendant's motion to dismiss insofar as it is based upon the ground that defendant has been contributing a sufficient sum for plaintiff's support is, therefore, also denied.

■ Plaintiff seeks a sufficient award for the maintenance of her daughter, Virginia. Her anticipated requirements in this connection are, according to her testimony, $428.70 per month. Defendant does not take issue with this figure. However, he contends that he has taken care of these needs in full. He points to a letter, in evidence, which the daughter wrote to the defendant indicating her desire that funds required for her maintenance should continue to come from the defendant rather than through her mother. Virginia did not testify.

Plaintiff takes the position that even though defendant has met all his obligations with respect to providing maintenance for Virginia, since she has the duty and responsibility of disciplining the daughter, control over the funds required for her maintenance should be entrusted to the plaintiff. While this thought is not without appeal, it is also evident that there exists a close father-daughter relationship between defendant and Virginia. It is certainly desirable that this relationship should continue and the present method of providing maintenance for the daughter will tend to promote its continuance. Moreover, it is to be noted that Virginia is not a party to this action. Whether or not the failure to join her is fatal to the prosecution of the action for her maintenance need not here be decided. In fact, the point has not been raised by the defendant. Mention of it is made only to suggest the difficulty of resolving the equities of the parties. Since it appears that defendant is now providing adequate maintenance for Virginia, since there is no suggestion that defendant has been lax in the payment of bills incurred on her behalf, since it is her desire that provision for her maintenance be continued as heretofore, and since an alteration of the present arrangement may affect the relationship between defendant and his daughter, I am satisfied that her maintenance should continue to be provided directly by the defendant and that an award for such maintenance may not now be made to plaintiff.

Plaintiff also prays that she be awarded, in addition to the periodic sum, a lump sum out of the defendant's estate approximating one-third of the net amount thereof. Defendant questions the power of the court to make a lump sum award in a separate maintenance action. There is no statutory provision which empowers the court to do so. In the absence of statute it has generally been held that a lump sum should not be awarded except by consent or under exceptional circumstances. 42 *C.J.S. Husband and Wife* § 623, *p.* 251.

Plaintiff cites numerous cases which she contends recognize the power of the court to award a lump sum out of the husband's estate. However, examination of the cases cited discloses that many of them were divorce cases in which the court awarded property of the husband to the wife pursuant to statutory authority. In others exceptional circumstances were present. Typical of this type of case is *Matheson v. McCormac,* 186 *S.C.* 93, 195 *S.E.* 122, wherein it appeared that

the husband had disposed of much of his property, had turned some of his business ventures into cash and had run away with another woman. At the time of the action the husband's whereabouts were unknown. In such case it is apparent that the court could afford the deserted wife and children no relief except by a lump sum award out of property which the defendant had left behind. The court stated that the award of lump sums was not favored but that in exceptional cases or where agreed to by the parties such an award should be made. Similar factual situations were involved in *Heflinger v. Heflinger*, 161 *Ga.* 867, 132 *S.E.* 85; *Walker v. Manson*, 49 *Idaho* 468, 289 *P.* 86. Exceptional circumstances have also been recognized in cases like *Everman v. Everman, (Ky.),* 243 *S.W.*2d 58 in which the court awarded a lump sum of $200 to the wife where the parties were elderly, the husband owned real estate and had a savings account but no income. In other cases cited by plaintiff awards of a lump sum have been made pursuant to agreement or consent of the parties. See *Wagoner v. Wagoner*, 306 *Mo.* 241, 267 *S.W.* 654; *Schultz v. Brewer*, 245 *Iowa* 240, 61 *N.W.*2d 446.

██ Plaintiff does not seem to take issue with the general proposition that a lump sum award in this type of action is not favored and that no such award should be made in the absence of peculiar circumstances. She contends that such circumstances do exist in this case. First of all she asks the court to award her a lump sum sufficient to take care of the difference between that which she has been receiving since October 1960 and that which she should have received. The difficulty of plaintiff's position in this regard is that the things of which she says she has been deprived result, in the main, from her own efforts to conserve her resources. It is impossible to place a money value on such items as oil conservation, plaintiff's personal labor in effecting certain repairs to the home and other savings on her part. The only item to which she points as requiring any outlay of money is for attorney's fees of $350 to pay which plaintiff says she was required to sell her family china. It does not appear in what connection attorney's services were rendered to her. Whether they were in connection with this action or for some other purpose does not appear. Under the circumstances the court can hardly require the defendant to reimburse his wife for this sum.

██ Plaintiff contends also that a lump sum award from her husband's estate is justified by the peculiar circumstances of the case. In order to establish the case as an exceptional one she calls attention to a statement made by the defendant in January 1962 to the effect that if plaintiff did not agree to what he considered a reasonable property settlement he would take whatever steps were available to him to place his property out of the plaintiff's reach, to the fact that plaintiff is 55 years of age, to the fact that the parties have been married for 24 years, to the size of defendant's estate and the amount of his income, and to the change of beneficiaries of his life insurance. While the circumstances mentioned by plaintiff are certainly proper for the court to consider in determining the amount of an award for maintenance, they are not, in my opinion, either individually or collectively of the type which can place the case upon an exceptional basis. Therefore, even assuming the power of the court to award a lump sum where there are peculiar circumstances involved, plaintiff has here failed to establish such circumstances and is not entitled to a lump sum award.

██ In cases in which the wife seeks support and maintenance from her husband it is evident that under no circumstances can she foresee the full extent of her requirements. There are always emergencies and contingencies which may not be anticipated. Illness, extraordinary expenses with respect to property and other periodic exigencies are not foreseeable. In fixing the amount of a proper award for support and maintenance provision must be made for such contingencies. This is so not only to provide the wife with ready monies to meet such emergencies as they arise, but also, insofar as possible, to prevent the necessity of further proceedings by the wife against the husband. Since, as heretofore observed, plaintiff will be required, upon the entry of an order in this cause, to account for the sum awarded her as income for tax purposes, this need must also be considered in the amount of the award to be made.

Under all of the circumstances appearing, I conclude that plaintiff is entitled to an award for her maintenance and support of $775 per month.

[██ It appears from the testimony that the premises where plaintiff now resides are in need of a new roof at an estimated cost of

$565, and exterior painting at an estimated cost of $665. The need for a new roof was evidently occasioned by storm damage. Defendant's own testimony tends to show that this loss is covered by insurance. Though defendant voices some objection to the need for exterior painting, plaintiff's testimony as to the need is not seriously challenged. Therefore, defendant will be allowed a period of 3 months from the date of the final order to be entered in this cause in which to effect and pay for such repairs.

Order on notice.