In re Estate of W. H. CAMP et al.

NORMAN J. BATES, Appellee, v. E. Y. THOMAS, Administrator, Appellant. •

**EXECUTORS AND ADMINISTRATORS: Notice of Appointment—**
1  **Failure to Secure Direction of Clerk or Court.** Notices of the appointment of administrators must be ordered or directed by the *court* or *clerk*, in order to start the running of the statute of limitation on claims.

**LIMITATION OF ACTIONS:** Pleading—Burden of Proof. A plea
2 of the statute of limitation is an affimative plea, necessitating
proof by the pleader of every fact essential to show the bar.
So held where the pleader failed to prove that the published
notice of the appointment of an administrator was ordered or
directed by the court or clerk, as required by Sec. 3304, Code,
1897.

**EXECUTORS AND ADMINISTRATORS:** Claims—Belated Presen-
3 tation. The fact that a claim was not ascertainable until long
after the expiration of 12 months from the publication of the
administrator's notice of appointment, coupled with the fact
that the estate is solvent, presents such equitable circumstances
as will let in a claim after all other claims are barred.

*Appeal from Guthrie District Court.*—J. H. APPLEGATE,
Judge.

MARCH 16, 1920.

ACTION to enforce a claim against an estate. Opinion
states the facts. Verdict and judgment for the plaintiff.
The administrator *de bonis non* appeals.—*Affirmed.*

*J. E. Butschelet,* for appellant.

*E. D. Sampson, Earl W. Vincent, C. P. Knox, Sayles &
Taylor, Ed. R. Brown,* and *F. O. Hinkson,* for appellee.

GAYNOR, J.—W. H. Camp died testate, on or about Jan-
uary 31, 1910, leaving surviving him his wife, Amanda
Caroline Camp. His will contained the following provi-
sions, so far as material to this case:

1. EXECUTORS AND ADMINISTRA-TORS: notice of appointment: failure to se-cure direction of clerk or court.

"1st. I direct that my just debts and the
expense of my last sickness and burial be
paid.

"2d. Subject to the foregoing, I give,
devise and bequeath unto my beloved wife,
Amanda Caroline Camp, all property, of whatsoever charac-
ter or wheresoever situated, that I may own at the time of
my death; subject only to the following provision: It is

understood that my said wife shall have all income arising from all of my said property. She shall have the right to sell, exchange, transfer or assign the same, and to invest or reinvest the proceeds of all of my property, as she sees fit to do, and to use any part or portion of said property for her support and maintenance. At the time of her death, if any of said estate has not been used or expended by her during her lifetime, then I will and direct that one half of the residue so remaining shall go to my nearest relatives, share and share alike, and the other half be disposed of by my said wife as she may see fit."

This will was duly admitted to probate on the 16th day of February, 1910. Testator's wife, Amanda Caroline Camp, was duly appointed executrix, and on her own motion published in the Guthrie County Times, a newspaper printed and published in said county, the following:

"Notice is hereby given that the undersigned was duly appointed and qualified as executrix of the estate of W. H. Camp, late of Guthrie County, Iowa, deceased, on the 26th day of February A. D. 1910. All persons indebted to said estate are requested to make immediate payment to the undersigned; and those having claims against said estate will file the same duly verified with the clerk of the district court of said county for allowance. Dated May 2, 1911."

Proof of the publication was made by the publisher of said paper, the first publication being on the 4th day of May, 1911, the second on the 11th day of May, 1911, and the third on the 18th day of May, 1911. No direction for the publication of this notice is shown, as required by Section 3304 of the Code of 1897.

Thereafter, Amanda Caroline Camp entered upon her duties as executrix of said will, and on the 6th day of October, 1915, her final report came on for hearing; and, upon a hearing, she was discharged from further duties as executrix.

Amanda Caroline Camp died on the 1st day of January, 1917, intestate. The only property left by her was that which came into her hands from the estate of W. H. Camp, under the will of W. H. Camp, hereinbefore referred to. Thereafter, E. Y. Thomas was appointed administrator of her estate, and also administrator *de bonis non*, with the will annexed, of the estate of W. H. Camp, deceased. On the 8th day of September, 1917, this claimant, Norman J. Bates, filed in the district court of Guthrie County his claim against the estate of W. H. Camp, and, after stating the facts aforesaid, alleged: That he is the owner of and entitled to receive at the hands of the administrator of said estate one half of the property of W. H. Camp now in the hands of the administrator *de bonis non*, with the will annexed; that same is in the form of moneys and credits and personal property, the exact amount of which he is unable to state; that he makes this claim under a verbal agreement entered into between W. H. Camp and one A. R. Bates, brother of the claimant, wherein it was agreed by W. H. Camp that, if this petitioner, then an orphan, about 13 years of age, would stay with and make his home with said W. H. Camp and Amanda Caroline Camp, and work and be a good boy until he was 21 years of age, then the said W. H. Camp would give him, and he should have as his compensation therefor, one half of all his property, when they, the said W. H. Camp and Amanda Caroline Camp, were through with it; that he accepted this offer, and entered into the employ of W. H. Camp thereunder, and stayed with him and Amanda, and worked and labored faithfully for them and in their behalf, under said agreement, until he was 21 years of age; that neither W. H. Camp nor Amanda had any children of their own; that he accepted the terms and conditions of the contract so made with W. H. in good faith, believing that he would do as he agreed; that he relied upon this promise and agreement, and never demanded or ex-

acted or received any compensation from the said W. H. for his services so rendered, depending entirely upon said agreement that he should receive one half of the property of the said W. H. Camp when he and his wife, the said Amanda Caroline Camp, were through with it, as compensation therefor. He alleges that he has fully performed all the terms and conditions of the contract on his part, and is now entitled to one half of the said property in the hands of the administrator belonging to the estate of W. H. Camp, and prays for an order authorizing and directing the said administrator to turn over to him one half of the property so in his hands, in fulfillment of said agreement.

The administrator of the estate of Amanda Caroline Camp, the administrator *de bonis non* of W. H. Camp, and the heirs at law of both Amanda and W. H., are parties to this suit, and joined issue with the plaintiff on his claim made; and, among other issues tendered, say that the claim was not filed within one year after notice of the appointment of the executrix of the estate of W. H. Camp, and that the claim is now barred.

The cause was tried to a jury upon the issues tendered, and a verdict returned for the claimant. E. Y. Thomas, administrator *de bonis non*, with the will annexed, of the estate of W. H. Camp, alone appeals.

There was abundant evidence to establish the contract relied upon. The evidence fully sustains the claim that the services required of claimant to be performed on his part were fully performed. No question is made on this appeal on either of these propositions. No question is made as to the amount allowed. No complaint is made of any action of the court during the trial, or the manner of its submission to the jury. The only contention here is that the undisputed evidence shows that plaintiff is not in a position to maintain this action, because his claim is barred by the statute of limitations; and this is predicated on the

thought that he did not file his claim within one year after *notice* of the appointment of the executrix, and has shown no equitable or reasonable excuse for not doing so. There is no suggestion that the claim is barred by the general statute. The right of action did not accrue until after the death of Amanda, which did not occur until January 1, 1917.

The statute invoked is Section 3349, Code, 1897, and it reads as follows:

"All claims of the fourth of the above classes, not filed and allowed, or if filed and notice thereof, as hereinbefore provided, is not served within twelve months from the *giving of the notice* aforesaid, will be barred   *   *   *   unless peculiar circumstances entitle the plaintiff to equitable relief."

Claims of the fourth of the above classes, referred to in the statute, are debts not entitled to preference under the laws of the United States, public rates and taxes, and claims filed within six months after the first publication or posting of notice. The notice referred to in the statute is the notice required by Code Section 3304, which provides:

"The executors or administrators first appointed and qualified for the settlement of the estate shall, within ten days after the receipt of their letters, publish such notice of their appointment *as the court or clerk may direct*, which direction shall be endorsed upon the letters when issued."

The real question, therefore, and the only question presented to us for consideration, is whether the claim is barred by the statute of limitations—barred by that statute which limits the time within which claims may be filed and proved against an estate to twelve months from the giving of the notice of the appointment.

It will be noted that the claim was not due or payable until after the death of Mrs. Camp; that she did not die until the 1st day of January, 1917. The claim was filed on the 8th day of September, 1917. The notice of the ap-

pointment of Mrs. Camp was insufficient to start the running of the statute. It will be noted from the statute that it is the duty of the executor or administrator to publish such notice of their appointment *as a court or clerk may direct.* It does not authorize them to publish any notice which the judgment of the executor deems sufficient. The court or clerk must direct the notice to be given. This has a purpose. The statute does not say where the notice shall be published. It is not for the administrator to choose the instrument through which the information required to be given shall be published. He must go to the court, and get the court's direction or the clerk's direction, and follow that direction in the publication of the notice, to the end that the notice may be published in such a way and in such manner as it will best serve the purposes for which the notice is required.

The burden of proof is on the one seeking to avail himself of the statute of limitations, and this burden imposes upon him the duty of showing every fact essential to constitute the bar. Mere proof that a notice

**2. LIMITATION OF ACTIONS: pleading: burden of proof.** was published does not meet the requirements of the statute. He must show that a notice was published such as the statute requires, and that is, a notice published under the order or direction of the court or clerk. This direction must be endorsed upon the letters issued. No other notice will start the statute of limitations. The statute does not begin to run until twelve months from the giving of the notice such as the statute requires: that is, a notice published according to the direction of the clerk or court. There is no showing of any endorsement of any direction upon the letters, nor is there any evidence in the record showing that the notice of the appointment was given, as the statute requires. It is true that the record shows a publication of *a* notice and a proof of the publication of *a* notice; but it does not

appear that the notice published was one authorized to be published under the statute, one directed by the court or the clerk. That such direction is essential, see *Mosher v. Goodale,* 129 Iowa 719; *McConaughy v. Wilsey,* 115 Iowa 589, 590; *Craig v. Estate of Craig,* 167 Iowa 340. This last-named case was a proceeding to establish a claim against an estate. The defense was that the claim was not filed in time, and no equitable circumstances were shown, excusing the delay. Judge Deemer, speaking for the court, said:

"Under a previous decision of this court, appellants must fail, in any event, on this proposition; for their contention that the claim was not filed in time, and no proper notice given, is an affirmative defense, to be proved by them, and it nowhere appears in the record that the court or the clerk ordered notice of the administratrix's appointment to be given by publication. Without this order, service by publication, even if made, was of no validity; and, until proper notice of appointment is given, the statute as to the time of filing of claims does not begin to run."

See, also, *Ellyson v. Lord,* 124 Iowa 125, 130.

We might stop here, in our consideration of this case; but we may go further, and say that, under this record, the plaintiff's claim is a just claim. The estate is unsettled,

3. EXECUTORS AND ADMINISTRATORS: claims: belated presentation.

and has ample funds in the hands of the administrator *de bonis non* to pay the same. No prejudice results to the estate by reason of the time of presenting the claim. Our statute does not make a fixed and fast rule as to the time within which claims should be filed, but says that the claim may be filed after the twelve months, when peculiar circumstances entitle the claimant to equitable relief. Now, the record in this case shows affirmatively that the plaintiff's claim was not enforcible until after the death of Amanda Caroline Camp. It affirmatively shows that the amount to which plaintiff was entitled could not be ascer-

tained until after her death. The agreement was that he should receive one half of the property remaining at the death of the last survivor of the two parties named in the contract. Amanda Caroline Camp was the last. Until her death, the amount plaintiff was entitled to for the services rendered could not be determined. From the very nature of the will, it is apparent that it was the understanding and intention of the testator that his estate should not be finally closed until the death of Amanda Caroline Camp. Under the will, she had a right to the use of all the property, the right to dispose of it, and practically the same rights to it and over it that an owner had. There might be nothing left at her death. The amount plaintiff was entitled to could not be known until her death. This was an equitable reason for not seeking to enforce it before her death, especially in view of the fact that, under the will, and under her administration of the will, such as it was, the property was all kept intact, subject only to such disposition as she could rightfully make of it under the provisions of the will, to which disposition the plaintiff's claim was always subject. W. H., in his will, made provision first for the payment of all his just debts. These were paramount claims against his estate. He could not, by any testamentary disposition, remove his estate from these claims.

We think the appellant has failed to make good on the only contention urged here for reversal, and the judgment of the district court is, therefore,—*Affirmed.*

WEAVER, C. J., LADD and STEVENS, JJ., concur.