KENNETH JACOB HERBST et al., appellants, v. ELMER TREINEN et al, administrators of estate of Barbara Herbst, deceased, appellees.

No. 49397.

(Reported in 88 N.W.2d 820)

MARCH 11, 1958.

Burton E. Parriott, of Remsen, for appellants.

Orville A. Hames, of Remsen, for appellees.

GARFIELD, J.—Plaintiffs' petition, filed pursuant to rules 261 to 269, Rules of Civil Procedure, asks judgment declaring their rights as owners of certain personal property in the hands of defendant administrators and directing them to deliver it to plaintiffs. The action was dismissed upon the three grounds of defendants' motion for dismissal. Plaintiffs have appealed.

Plaintiffs' petition alleges the probated will of Jacob Herbst, who died in 1932, left a life estate in all his property to his widow, Barbara, with remainder to plaintiffs; Barbara elected to accept the terms of the will; upon closing Jacob's estate certain described personal property was delivered to Barbara for her use during her lifetime under the terms of the will; Barbara died in March 1956, in possession of the property; defendants were appointed administrators of her estate and as such received the property, still retain it and refuse to turn it over to plaintiffs who rightfully own it; defendants base such refusal on the ground Barbara was absolute owner thereof; unless the court construes the will of Jacob (copy of which is attached) as to who owns the property and adjudicates plaintiffs' rights therein such rights will be in jeopardy and plaintiffs will suffer irreparable loss.

Defendants moved to dismiss the petition on the grounds: (1) There is a special remedy prescribed by statute—a claim against the estate, and a long investigation of facts is necessary in order to decide the case. (2) Since the estate of Jacob was probated more than twenty years ago any right to a declaratory judgment derived from his will is barred by the statute of limitations. (3) Since plaintiffs' action was not commenced within six months from the giving of notice of defendants' appointment as administrators of Barbara's estate it is barred by section 635.68, Code, 1954.

I. Before considering these grounds it may be well to set out the pertinent provisions of rules 261, 262 and 264 in Division XI, entitled "Declaratory Judgments", of the Rules of Civil Procedure:

"261. * * * Courts of record * * * shall declare rights * * *. * * * The existence of another remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The enumeration in the next three rules does not limit or restrict the exercise of the general power herein referred to.

"262. * * * Any person interested in a * * * will * * * may have determined any question of the construction * * * thereof or arising thereunder, and obtain a declaration of rights * * * thereunder.

"264. * * * Any person interested as * * * devisee, legatee * * * or cestui que trust, in the administration of a trust or the estate of a decedent * * * may have a declaration of rights * * * in respect thereto: * * *

"(b) To direct * * * administrators * * * to do or abstain from doing any particular act in their fiduciary capacity; or

"(c) To determine any question arising in the administration of the estate * * * or trust, including questions of construction of wills * * *."

These rules are remedial and should be given a reasonably liberal construction. In re Estate of Pierce, 245 Iowa 22, 31, 60 N.W.2d 894, 900, and citations; Keller v. City of Council Bluffs, 246 Iowa 202, 206, 66 N.W.2d 113, 115, 51 A. L. R.2d 251.

As defendants apparently agree, the rules seem to be broad enough to authorize bringing such an action as this. Pierce case,

supra. See also State v. Central States Electric Co., 238 Iowa 801, 819, 820, 28 N.W.2d 457, 466.

II. We first consider the second part of the first ground of defendants' motion to dismiss—that the action will not lie because a long investigation of facts is necessary in order to decide the case. We have said that where the controversy may be determined only by a long investigation of facts the court may, in the exercise of sound judicial discretion, refuse to proceed under rules 261 to 269. State v. Central States Electric Co., supra. However, the dismissal here may not be upheld upon this ground.

Under our procedure a motion to dismiss serves the function of a demurrer which, together with technical forms of pleading, is abolished by rule 67, Rules of Civil Procedure. Bales v. Iowa State Highway Comm., 249 Iowa 57, 62, 86 N.W.2d 244, 247, and citations.

It is elementary that a motion to dismiss must be based upon matters alleged in the petition. The motion may not sustain itself by its own allegations of fact, not appearing in the challenged pleading. Such averments are no proper part of the motion and must be ignored. To the extent a motion to dismiss is grounded on claimed facts not appearing in the pleading attacked it is like a "speaking" demurrer which will be disregarded. Bales case, supra, and citations, especially In re Estate of Ferris, 234 Iowa 960, 966–968, 14 N.W.2d 889, 893, 894.

Nothing in plaintiffs' petition affords any basis for the claim a long investigation of facts is necessary in order to decide the case. To the contrary, the petition alleges the few specific items of personal property, ownership of which is disputed, are in defendants' possession and they refuse to turn them over to plaintiffs, the rightful owners. The motion to dismiss admits this and other well-pleaded facts in the petition for the purpose of testing their legal sufficiency. Hartford Acc. & Ind. Co. v. O'Connor-Regenwether Post, V. F. W., 247 Iowa 168, 173, 73 N.W.2d 12, 14; Bales v. Iowa State Highway Comm., supra, 249 Iowa 57, 62, 86 N.W.2d 244, 247, 248, and citations; Van Emmerik v. Vuille, 249 Iowa 911, 914, 88 N.W.2d 47, 48.

The trial court's ruling on the ground now considered seems to be based primarily upon matters discovered by him

from an examination, apparently upon his own motion, of the probate files in the estate of Jacob Herbst. From this examination the court concluded there was a possible defense to plaintiffs' action, at least as to part of the property in dispute. These probate files are not part of the petition and should not have been considered in ruling on the motion to dismiss. Bales case, supra, and citations at page 63 of 249 Iowa, page 248 of 86 N.W.2d.

■ Upon considerations we have tried to make clear the trial court should not have directed that the record upon this appeal include part of the probate file in the estate of Barbara Herbst.

III. The second ground of the motion is that since Jacob's estate was probated more than twenty years ago any right to a declaratory judgment derived from his will is barred by the statute of limitations. Evidently reliance is upon the general statute of limitations which states that actions not otherwise provided for may be brought within, and not after, five years after their causes accrue. Section 614.1(5), Code, 1954.

■ So far as appears from the petition plaintiffs had no cause of action until after the life tenant died in 1956. She was entitled to possession of the property while she lived. The petition does not indicate any denial of plaintiffs' alleged right to possession as owners upon Barbara's death until these defendants refused to turn over the property to plaintiffs. Before then this controversy did not exist and there was no occasion for resort to the courts. The statute therefore did not commence to run at least prior to the death of the life tenant. In re Estate of Camp, 188 Iowa 734, 739, 176 N.W. 795; 33 Am. Jur., Life Estates, Remainders, etc., section 187; 31 C. J. S., Estates, section 99a.

Other Iowa decisions which, at least by analogy, support our holding include Pap v. Pap, 247 Iowa 371, 381–383, 73 N.W.2d 742, 748, and citations; Hoffman v. Hoffman, 205 Iowa 1194, 1197, 219 N.W. 311; Packer v. Overton, 200 Iowa 620, 626, 203 N.W. 307; Nevelier v. Foster, 186 Iowa 1307, 173 N.W. 879; Reizenstein v. Marquardt, 75 Iowa 294, 39 N.W. 506, 1 L. R. A. 318, 9 Am. St. Rep. 477.

██ Pap v. Pap, supra, and several precedents therein cited were actions between trustees and beneficiaries of a trust. The analogy between them and the instant case is apparent from the fact that where, as here, a life tenant receives possession of property she becomes a trustee or quasi trustee thereof for the benefit of the remaindermen. Hopp v. Rain, 249 Iowa 891, 903, 88 N.W.2d 39, 46, and citations.

IV. There remain to be considered the first part of the first ground of the motion, that there is a special remedy prescribed by statute—a claim against the estate, and the third ground—that plaintiffs' claim is barred by Code section 635.68 which states: "All claims not filed as hereinbefore provided, within six months from the giving of the notice aforesaid, will be barred * * * unless peculiar circumstances entitle the claimant to equitable relief."

We will assume this action was not commenced during the six-month period although this does not appear from the petition nor otherwise in the record. See in this connection In re Estate of Camp, supra, 188 Iowa 734, 740, 741, 176 N.W. 795, and citations. Defendants argue the action is a plain attempt to circumvent 635.68.

██ We have held that while the existence of another remedy does not preclude declaratory relief (rule 261, quoted in Division I, expressly so states), the relief must be denied where there is another complete remedy *intended to be exclusive.* Rich Mfg. Co. v. Petty, 241 Iowa 840, 849, 42 N.W.2d 80, 84. See also Travelers Insurance Co. v. Sneddon, 249 Iowa 393, 401, 86 N.W.2d 870, 875, and citations.

██ We are clear the rule of the cases last cited is not applicable here. Plaintiffs' action is not a claim against Barbara's estate in the sense used in 635.68 and other statutes pertaining to filing claims against estates. As pointed out in Division III plaintiffs had no cause of action against Barbara in her lifetime. They merely seek to recover property they assert belongs to them that is held by defendants without right. Quite in point are Carlson v. Bankers Trust Co., 242 Iowa 1207, 1218, 50 N.W.2d 1, 8, and citations, especially In re Estate of Conner, 240 Iowa 479, 487, 36 N.W.2d 833, 838. See also Savery v. Sypher, 39 Iowa 675, 679, 680.

The annotation in 34 A. L. R. 362, 363, 371, 383, 389, points out that ordinarily statutes requiring the filing of claims against estates do not apply to claims not within the clear intent of the statute, or arising after decedent's death, or to recover specific property or trust funds or property.

It was error to dismiss plaintiffs' petition upon the grounds urged. We consider no other grounds. Gross v. Hocker, 243 Iowa 291, 296, 51 N.W.2d 466, 468, 469, and citations; American Mutual Liability Ins. Co. v. State Automobile Ins. Assn., 246 Iowa 1294, 1303, 72 N.W.2d 88, 93. With directions to reinstate the petition the cause is—Reversed and remanded.

All JUSTICES concur except SMITH, J., not sitting.