WILLIAM HARRISON, appellant, v. ALLIED MUTUAL CASUALTY COMPANY, appellee.

ALLIED MUTUAL CASUALTY COMPANY, third-party-plaintiff, v. CENTRAL NATIONAL INSURANCE COMPANIES of Omaha, third-party-defendant.

No. 50560.

MARCH 6, 1962.

White, White, Prichard & Flores, of Storm Lake, for appellant.

Herrick, Ary & Cook, of Cherokee, for appellee.

SNELL, J.—This is an appeal from an order of the trial court sustaining defendant's motion to dismiss.

It is plaintiff's contention that the ruling of the trial court was based on matters not within the scope of proper inquiry in considering a motion to dismiss. We agree.

Chapter 516 of the Code provides for a right of action against a liability insurance carrier in the event an execution against the insured is returned unsatisfied.

Plaintiff brought action at law to enforce liability against defendant as an insurer of plaintiff's judgment debtor.

The petition alleged: the recovery of judgment against Gerald C. Sump and an unsatisfied execution; issuance of a policy of liability insurance by defendant to Clarence Sump, father of Gerald C., in which defendant agreed to pay damages for which the son was legally liable; that in the trial of the action resulting in the judgment, defendant assumed control and management of the defense and waived and is now estopped to deny coverage and liability under its policy.

Defendant answered denying the material allegations of plaintiff's petition. By affirmative defense, defendant alleged that the primary liability, if any, was in the Central National Insurance Companies of Omaha under a policy of insurance covering the car involved in the accident and that the finding of fact by the jury in the original case was such as to absolve defendant from liability. By amendment, defendant attached a copy of its policy issued to Clarence Sump.

The affirmative defenses were based on allegations of fact not appearing on the face of plaintiff's petition.

Over four months after filing answer, defendant filed a

motion to dismiss supported by affidavit. The motion and affidavit allege facts claimed by defendant as a defense to plaintiff's claim.

The trial court sustained the motion to dismiss. The ruling is based on the court's findings of fact not appearing in plaintiff's petition. Assuming but not deciding that the matters pleaded by defendant would constitute a complete defense, proof thereof by evidence or admission would be required. Proof or assumption thereof is not germane to a motion attacking plaintiff's petition.

In Bales v. Iowa State Highway Commission, 249 Iowa 57, 62, 86 N.W.2d 244, 247, we said:

"Under our procedure a motion to dismiss serves the function of a demurrer which, together with technical forms of pleading, is abolished by rule 67, Rules of Civil Procedure. Rule 104(b), R. C. P.; Betz v. City of Sioux City, 239 Iowa 95, 104, 30 N.W.2d 778, 782. Like the old demurrer a motion to dismiss admits the well-pleaded facts in the pleading assailed for the purpose of testing their legal sufficiency. [citations]
* * *

"When demurrers were permitted a demurrer grounded on claimed facts not alleged in the pleading attacked was designated a 'speaking' demurrer and the courts disregarded such averments. To the extent a motion to dismiss offends in the manner of a 'speaking' demurrer it must also be disregarded [citations]."

In Herbst v. Treinen, 249 Iowa 695, 699, 88 N.W.2d 820, 823, we said:

"It is elementary that a motion to dismiss must be based upon matters alleged in the petition. The motion may not sustain itself by its own allegations of fact, not appearing in the challenged pleading. Such averments are no proper part of the motion and must be ignored. To the extent a motion to dismiss is grounded on claimed facts not appearing in the pleading attacked it is like a 'speaking' demurrer which will be disregarded. * * *."

See also Van Emmerik v. Vuille, 249 Iowa 911, 88 N.W.2d 47; In re Community School District of Farragut, 250 Iowa 1324, 98 N.W.2d 888.

■ ■ The weakness in plaintiff's case and the defense thereto upon which the court's ruling is based do not appear in plaintiff's petition. A motion to dismiss assumes the truth of facts well pleaded in the pleading attacked but is not a proper vehicle for the submission of affirmative defenses. The trial court, in an obvious and ordinarily commendable effort to reach an ultimate decision, went beyond the boundary of the limited problem involved. While we approve of prompt disposition of ultimate issues, we cannot sanction disregard of proper methods in determining controverted facts.

We are not determining the sufficiency of defendant's defensive matter if and when it is properly presented.

The case is reversed and remanded with instructions to overrule the motion to dismiss.—Reversed and remanded.

All JUSTICES concur except BLISS, J., not sitting.