**Robert L. MATTERS et al., Appellants,**

v.

**CITY OF AMES, Iowa, et al., Appellees.**

No. 56433.

Supreme Court of Iowa.

June 26, 1974.

James A. Brewer, Hegland, Newbrough, Johnston & Brewer, Ames, for appellants.

John R. Klaus, Ames City Atty., and Mark J. Nolan, Asst. City Atty., Ames, for appellees.

HARRIS, Justice.

Plaintiff landowners brought a declaratory judgment action to test the constitutionality of a zoning ordinance. The action was dismissed because plaintiffs had not exhausted their administrative remedy by pursuing an application for variance. We affirm.

Plaintiffs own real estate in the City of Ames, Iowa (the city). By an existing municipal zoning ordinance plaintiffs' land is in an R-2 (residential) district. The ordinance limits the uses of land within various districts and specifies R-2 property shall be used for purposes thought to be appropriate for low density residential areas. Plaintiffs' property is accordingly restricted to use for family dwellings, churches, schools, golf courses and parks. Believing their property is better suited for commercial purposes, plaintiffs petitioned the city to change it from an R-2 classification to C-2. Property in C-2 zones, according to the city's code, can be used for retail or wholesale outlets and for other commercial enterprises.

The petition for change was referred by the city to its zoning commission which, after hearing, recommended the petition be denied. The procedure was in accordance with § 414.6, The Code. The city council thereafter accepted this recommendation and denied the application for change.

Plaintiffs did not pursue an available administrative appeal from this denial to the board of adjustment. § 414.10, The Code. Forsaking any further administrative endeavors plaintiffs brought this declaratory judgment action under rule 262, Rules of Civil Procedure. The rule provides in material part:

"Any person * * * whose rights, status or other legal relations are affected by a statute, or any municipal ordinance, rule, regulation, contract or franchise, may have determined any question of the construction or validity thereof or arising thereunder, and obtain a declaration of rights, status or legal relations thereunder."

The petition is in two divisions. The constitutional challenge is in the first division. Plaintiffs assert the R–2 classification " * * * as it applies to * * * [plaintiffs'] property, is unreasonable, arbitrary, capricious and discriminatory, and deprives the Plaintiffs of due process and equal protection under the State and Federal Constitutions." A second division seeks issuance of a writ of mandamus directing the city to rezone the property for commercial purposes.

This appeal is from a trial court ruling that plaintiffs were precluded from undertaking the court challenge until exhausting their administrative remedy. The question is whether the administrative exhaustion requirement must be satisfied before a constitutional challenge can be brought. The answer is obscured by the tension between the policies which underpin the exhaustion requirement itself and the policies which foster free access to the courts for constitutional claims.

I. The exhaustion of administrative remedies requirement is a cardinal principle of almost universal application. The rule requires that, prior to calling upon the courts to act, a party must exhaust any remedy available before an administrative agency. Dehning v. Eads, 201 N.W.2d 454 (Iowa 1972) and authorities. Plaintiffs believe the cases indicate a reluctance to fully apply the exhaustion requirement in declaratory judgment cases. They point to Herbst v. Treinen, 249 Iowa 695, 88 N.W. 2d 820 which they believe equivocates the requirement: "We have held that while the existence of another remedy does not preclude declaratory relief * * *, the relief must be denied where there is another complete remedy *intended to be exclusive*. (Authorities)." 249 Iowa at 701, 88 N.W.2d at 824.

Exhaustion is not required before every court challenge. Plaintiffs claim they can proceed under an exception which excuses the requirement where an administrative remedy is inadequate or its pursuit would be fruitless. See 8A McQuillin, Municipal

Corporations, Third Ed. (1965 Revised Volume), § 25.283(b), pages 303–304. The principle is recognized in administrative law generally and is not limited to constitutional challenges in zoning law. See Davis on Administrative Law, § 20.04, page 74 where the question is posed: "Should one who seeks to challenge the constitutionality of legislation be required to exhaust remedies before an administrative agency which has no authority to pass upon the constitutional issues the plaintiff wants to raise? * * *."

Although the authorities on the question have been conflicting Public Utilities Commission v. United States, 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470, attempts to reconcile them. The test announced in this attempted reconciliation is as follows:

" * * * If, as in Aircraft & D. Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S. Ct. 1493, 91 L.Ed. 1796 and Allen v. Grand Cent. Aircraft Co., 347 U.S. 535, 74 S.Ct. 745, 98 L.Ed. 933, an administrative proceeding might leave no remnant of the constitutional question, the administrative remedy plainly should be pursued. But where the only question is whether it is constitutional to fasten the administrative procedure onto the litigant, the administrative agency may be defied and judicial relief sought as the only effective way of protecting the asserted constitutional right. * * *." 355 U.S. at 539–540, 78 S. Ct. at 450–451, 2 L.Ed.2d at 475.

The opinion of the United States Supreme Court in Public Utilities Commission v. United States, did not end all confusion on the question. We agree that:

" * * * [i]n administrative law cases generally there is some lingering confusion as to whether exhaustion will be required when the constitutionality of a statute is challenged on its face rather than as applied. See Davis, Administrative Law Treatise, 1958, § 20.04; and Jaffe, Judicial Control of Administrative Action, pp. 438–40 (1965). However, the emerging rule would appear to be that since the adminis-

**720**

trative remedy cannot resolve a constitutional challenge, exhaustion will not be required unless the administrative action might make judicial determination of the constitutional question unnecessary. See Public Utilities Commission v. United States, 355 U.S. 534, 539–540, 78 S.Ct. 446, 2 L.Ed.2d 470 (1958)." Metcalf v. Swank, 444 F.2d 1353, 1355–1356.

■ We approve the "emerging rule" described in Metcalf v. Swank. But under the rule plaintiffs are still faced with the exhaustion requirement. In spite of their claim on appeal an examination of the petition clearly shows their challenge is to the ordinance "as applied," not "on its face." In the first division the challenge is expressly directed to the ordinance "as it applies to the above described property." The second division, as we have noted, sought a writ of mandamus to compel rezoning *under the ordinance*.

Plaintiffs were required to exhaust their administrative remedy before instituting their court challenge.

Affirmed.