**FARMERS STATE BANK, Executor of the Estate, Petitioner-Appellant,**

v.

**Fern HART, Respondent-Appellee.**

No. 2–64600.

Court of Appeals of Iowa.

March 24, 1981.

Maurice L. Nathanson, Cedar Rapids, for petitioner-appellant.

Donald J. Dolphin, Manchester, for respondent-appellee.

William R. Shuttleworth, Cedar Rapids, for intervenor.

Submitted to OXBERGER, C. J., and DONIELSON, SNELL and JOHNSON, JJ.

OXBERGER, Chief Judge.

Executor appeals from declaratory judgment that decedent's former wife (respondent) has a life estate in the homestead under the provisions of an antenuptial agreement. Executor argues that respondent is barred from claiming under the antenuptial agreement because of her failure to assert the claim within the six-month claim period in section 633.410, The Code. Our review is de novo. Iowa R.App.P. 4. We affirm the judgment of the trial court.

Decedent, Oliver Johnson, married Fern Hart, respondent, in 1972. Prior to the marriage, they entered into an antenuptial agreement wherein Oliver agreed to provide in his will that Fern "shall have the life use and control of the homestead used by him at the time of his death." The parties agreed to give up all other claims against the property brought into the marriage by each other. This marriage was dissolved in 1974, but the parties stipulated that the provisions of the antenuptial agreement should remain binding on both of them. The trial court incorporated the agreement in the dissolution decree.

Oliver died on July 19, 1977. His will, executed on June 26, 1976, was admitted to probate eight days after his death. Under Article IV of the will, he gave his present wife, Phyllis, the right to reside during her life in any home owned by him. On October 3, 1978, Farmers State Bank (executor of Oliver's estate) filed the present petition for declaratory judgment alleging that Fern has now remarried and that Oliver made no provision for her in his will, contrary to the terms of the antenuptial agreement and the divorce decree which incorporated that agreement. It was also alleged that notice of probate of Oliver's will was published on August 4 and 11, 1977, and that Fern filed no claim with respect thereto within six months after second publication as required by section 633.410, The Code. The executor asked for a declaratory judgment that Fern has no interest in the house in order to remove the cloud on the title resulting from Fern's current claim of a life estate.

Fern filed her answer on November 3, 1978, alleging that the agreement constituted a valid, binding contract under which she acquired an interest in the title to any homestead real estate of which decedent died seized. She urges that this is not the

type of interest that requires a filing within the period prescribed in section 633.410 in order to be recognized. The trial court accepted this contention and held that Fern's interest in the homestead was not defeated by her failure to file her claim within six months as required by section 633.410, The Code. It stated in this regard: "The subject matter of this lawsuit is a property interest in real estate, i. e. the possession and control of it for the grantee's life."

On appeal the executor urges that Fern did not acquire an interest in real estate under either the antenuptial agreement or the decree of dissolution, that her claim, if any, is only for breach of contract, and that she is now barred from asserting such claim by reason of section 633.410, The Code. In considering this issue we agree that on its face the decree only purports to confirm certain contractual rights between the parties. Such contractual rights do not relate to any particular parcel of real estate. Rather, these rights relate to an undesignated homestead of which decedent might be possessed at the time of his death. Such circumstances do not suggest an intent to create a vested interest in real estate.

Ordinarily, a claim based upon mere failure to perform a contract would fall under the filing requirements of section 633.410. We believe, however, that an exception exists for the type of contractual claim involved in the present case. It has been held that the failure to honor a contractual obligation to make a specific devise or bequest in one's will serves to impress a trust on the testator's property (real and personal) for the benefit of those persons whom the contract requires to be favored. *E. g., In the Matter of the Estate of Chapman*, 239 N.W.2d 869, 872–73 (Iowa 1976); *Stewart v. Todd*, 190 Iowa 283, 290–93, 173 N.W. 619, 622 (1919). The executor's petition in the present case seeks to eliminate all potential claims or clouds to the title and therefore all types of potential claims must be considered in making such an adjudication. As to claims of the type just described, *Estate of Randall v. McKibben*, 191 N.W.2d 693, 702 (Iowa 1971), and *Herbst v. Treinen*, 249 Iowa 695, 701–02, 88 N.W.2d 820, 824 (1958), hold that section 633.410, The Code, does not constitute a bar to the assertion thereof after the expiration of the six-month period. Nor do we believe that section 633.320 operates to bar a claim of this type.

The interest to which the trial court determined Fern was entitled comports with the nature of the trust which should properly be impressed against the testator's homestead property. We therefore affirm the trial court's judgment and decree.

AFFIRMED.

CARTER, J., takes no part.