# IN THE COURT OF APPEALS OF IOWA

No. 16-1322
Filed April 19, 2017

**IOWA DEPARTMENT OF REVENUE,**
        Plaintiff-Appellee,

**vs.**

**RICHARD EDWARD WALBAUM,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jefferson County, Randy S. DeGeest, Judge.

        Richard Walbaum appeals from the dismissal of his motion to reinstate a declaratory judgment action. **AFFIRMED.**

        Richard E. Walbaum, Fairfield, appellant pro se.

        Thomas J. Miller, Attorney General, and Laurie Heron McCown, Assistant County Attorney, for appellee department.

        Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**PER CURIAM.**

Richard Walbaum appeals from the dismissal of his motion to reinstate a declaratory judgment action.

"Issues of the jurisdiction, authority, and venue of the district court are legal issues reviewed on error." *Holding v. Franklin Cty. Zoning Bd. of Adjustment*, 565 N.W.2d 318, 320 (Iowa 1997).

*Prior appeal.* In a previous appeal from the district court's order dismissing Walbaum's petition for declaratory judgment to review agency action, Walbaum asserted he did not untimely file his protest letter, his administrative remedies were exhausted, and due process requires a hearing before the issuance of a penalty. *Walbaum v. Iowa Dep't of Revenue*, No. 14-1867, 2015 WL 4642566, at *1 (Iowa Ct. App. Aug. 5, 2015).

We briefly address the background facts. Walbaum did not file tax returns with the Iowa Department of Revenue for the years 2000, 2002, 2006, and 2007. *Id.* The department issued an assessment on May 31, 2010, and Walbaum failed to submit a protest within the sixty-day period prescribed by Iowa Code section 422.28 (2009). *Id.* The department issued a notice of intent to levy on March 7, 2011. *Id.*

In April 2013, Walbaum sent a letter requesting an administrative hearing, which the department noted was not timely because he had not timely protested the 2010 assessment. *Id.* The department responded to another letter sent by Walbaum in August 2013, explaining that Walbaum's letter sent before the assessment was not a timely protest. *Id.*

On September 24, 2013, Walbaum sent a protest in the proper format, which was assigned a docket number. *Id.* The protest was denied as untimely but deemed as a request for reinstatement. *Id.* Reinstatement was denied by letter on April 2, 2014, and the department "informed Walbaum of a 'second opportunity to protest the assessment' pursuant to Iowa Code section 421.60(4)(h) (2013)."[1] *Id.*

Walbaum did not protest the assessment pursuant to section 421.60(4)(h). Rather, on June 10, 2014, Walbaum filed a petition for declaratory relief to review agency action, which the district court rejected for his failure to exhaust administrative remedies. *Id.* at *2. This court affirmed, *id.*, and the supreme court denied further review.

*Instant appeal.* On April 5, 2016, the department filed a distress warrant with Walbaum's bank demanding it remit any funds belonging to Walbuam.[2] On April 18, 2016, Walbaum filed a motion to "continue declaratory judgment previously abated," arguing the "remedy of 421.60(4)(h) is in total opposition to and not equivalent to the remedy provided by 422.28, and is thus 'inadequate.'"

---

[1] The provision in subparagraph "h" states:

> A taxpayer who has failed to appeal a notice of assessment to the department within the time provided by law may contest the assessment by paying the tax, interest, and penalty, which in the case of divisible taxes might not be the entire liability and by filing a refund claim within the time period provided for filing such claim. The filing of a refund claim allows the time period for which the refund is claimed to be open to examination and to be open to offset, to zero, based upon any issue associated with the type of tax for which the refund is claimed and which has not up to that time been resolved between the taxpayer and the department, irrespective of whether the period of limitations to issue a notice of assessment has expired. The department may make this offset at any time until the department grants or denies the refund.

[2] On May 27, 2016, the department issued a cessation of garnishment after the bank responded it had no funds belonging to Walbaum.

He stated further, "Walbaum will not accept any remedy that requires first paying the tax."

On June 8, 2016, the district court treated Walbaum's motion to continue as a request to reinstate a petition for declaratory relief.  The court concluded:

> In the current court action, Mr. Walbaum has filed a motion to reinstate his original Petition for Declaratory Relief that has previously been dismissed . . . .  Mr. Walbaum's motion is totally without merit.  His arguments are simply a repeat of arguments previously rejected by the district court and affirmed by the Court of Appeals.  Mr. Walbaum's motion is therefore denied.

Walbaum filed a "motion to clarify and reconsider," restating the available administrative remedies were inadequate.  The court denied the motion, and Walbaum now appeals.

Walbaum complains that because he no longer has a right to a hearing *before* he pays his assessment, he has no adequate administrative remedy.

> The exhaustion of administrative remedies requirement is a rule of almost universal application.  According to the rule, before a party can call upon the court to act, the party must have exhausted any remedy available before an administrative agency.  *Matters v. City of Ames*, 219 N.W.2d 718, 719 (Iowa 1974); *see also City of Iowa City v. Hagen Elecs., Inc.*, 545 N.W.2d 530, 533-34 (Iowa 1996).  If administrative remedies are not exhausted, *the court lacks jurisdiction to hear the case.*

*Iowa Coal Min. Co. v. Monroe Cty.*, 555 N.W.2d 418, 431 (Iowa 1996) (emphasis added); *see also Shors v. Johnson*, 581 N.W.2d 648, 650 (Iowa 1998) ("A [party's] failure to exhaust an administrative remedy deprives the district court of jurisdiction of the case.").

It is true that when a remedy is "inadequate," exhaustion is not required.  *Iowa Coal*, 555 N.W.2d at 431.  But Walbaum's complaint that the available administrative remedy is not personally acceptable to him is not the equivalent of

saying the remedy is inadequate. *See Shors*, 581 N.W.2d at 651 (finding authority to review and grant requested relief is an adequate remedy). Walbaum's disagreement with the remedies provided is a matter within the authority of the legislature. We find no error in the district court's denial of his motion to reinstate the declaratory judgment action.

**AFFIRMED.**